KELLY, The CAROLINE E. See Case No. 2,422.

KELSEA (LILLEY v.). See Case No. 8,349.

## Case No. 7,678.

### KELSEY v. DALLON.

[7 Int. Rev. Rec. 86.]

Circuit Court, E. D. New York. 1868.

REMOVAL OF CAUSES—SUIT AGAINST MARSHAL—COLOR OF OFFICE.

[On a petition by a United States marshal to have a case against himself removed from state to federal court. it must be shown that he is sued on account of some act done by him under color of his office.]

In the case of Charles Kelsey against Francis L. Dallon, the plaintiff sued defendant in the state courts for rent of premises from May, 1867, in which the defendant held the appurtenances of a distillery he had seized therein the previous month of April, the case having expired on the above date, and the marshal holding over in possession of such premises. The defendant, by writ of certiorari, removed the case to the United States court, E. D. N. Y., affirming in his petition for the writ, that pursuant to section 67 of the act of congress, passed July 13, 1866 [14 Stat. 171], he was entitled to have cause so removed, said action having been commenced against him on account of acts done by him under color of his office as marshal of the United States in and for the Eastern district of New York. to which plaintiff demurred that the cause shown was not sufficient in law to maintain the certiorari, the said defendant not being sued in his official capacity.

On argument upon the demurrer, Richard Rowland, Esq., plaintiff's counsel, moved that the action be referred back to the state courts on the ground that the marshal had no authority to seize or hold the property of the plaintiff, and should have removed the effects seized on the expiration of the tenant's lease. and no notice had been given to plaintiff that his property had been seized or attached, nor was the defendant authorized to seize or ·attach the plaintiff's property and the holding of the premises was not under color of his office as claimed.

John S. Allen, Asst. Dist. Atty., for defendant, in support of the certiorari.

BENEDICT, District Judge, held that the petition and papers in the case did not show that the action was brought on account of any act done by the defendant under color of his office, and granted plaintiff's motion to quash the proceedings, and remanded the cause to the state courts.

KELSEY v. The KATE TREMAINE. See Case No. 7.622.

KELSEY (McKIM v.). See Case No. 8,861.

KELSEY (MITCHELL v.). See Cases Nos. 9.663 and 9.664.

## Case No. 7,679.

### KELSEY v. PENNSYLVANIA R. CO.

[14 Blatchf. 89.] [1]

Circuit Court, S. D. New York. Jan. 4, 1877.

PRACTICE AND PLEADING AT LAW—CORPORATION—SERVICE UPON—APPEARANCE—AVERMENT OF CITIZENSHIP—AMENDMENT.

1. A corporation which has appeared and answered generally in an action, cannot afterward insist that this court never acquired jurisdiction over it because process was not served upon it in the district of which it was an inhabitant at the time of service.

[Cited in Robinson v. National Stock Yard Co., 12 Fed. 362; Glover v. Shepperd. 15 Fed. 838; Edwards v. Connecticut Mut. Life Ins. Co., 20 Fed. 454; Spies v. Chicago & E. I. R. Co., 32 Fed. 713.]

2. An omission to allege sufficiently, in a complaint, that the defendant is a citizen of a different state from that of the plaintiff, is amendable.

[Cited in Woolridge v. McKenna, 8 Fed. 679.]

[This was an action at law·by John Kelsey against the Pennsylvania Railroad Company.]

Benjamin F. Russell, for plaintiff.

Edmund R. Robinson, for defendant.

WALLACE. District Judge. The defendant having appeared and answered generally in the action, cannot now insist that this court never acquired jurisdiction because process was not served upon it in the district whereof it was an inhabitant at the time of service. Jurisdiction of the person of a defendant may be conferred by consent or waiver. Jurisdiction of the subject-matter of the action cannot.

The case of Pomeroy v. New York & N. H. R. Co., [Case No. 11,261], is not in point here. In that case the objection was taken by plea. Under the present system of pleading—that existing in the state courts—I think it would be too late, after a general appearance in the action, for the defendant to avail itself of the objection by raising it by answer. However that may be, it is clearly too late after an answer upon the merits.

The defect in the complaint, of omitting to allege sufficiently that the defendant is a citizen of a different state from that of the plaintiff is amendable, and does not constitute a sufficient ground for dismissing the action, upon a motion of this kind. The motion is, accordingly, denied.