<hr/>

## ZÆGEL vs. KUSTER and others, imp.

*December 18, 1880 — January 11, 1881.*

EQUITY. *(1-4) Foreclosure: Parties defendant: Redemption.*
LIMITATION OF ACTION. *(5) Objection taken by demurrer: What considered in determining the issue.*

1. When a mortgagor dies pending an action to foreclose the mortgage, *all* persons who succeed by his death to his interest in the land should be made defendants in his stead; and any such person not made a party will retain the right to *redeem,* notwithstanding the foreclosure and sale.
2. The foregoing rule was not changed by ch. 363 of 1860, in which the term " proper representative " must be construed as meaning the successor in interest.
3. A mortgagor devised the mortgaged premises to his widow, but, soon

after probate of the will, she filed in the probate court a written *waiver* of its provisions in her behalf. Her dower was subject to the mortgage; she was a defendant to the foreclosure; and, within a year after probate of the will, judgment of foreclosure went against all the defendants in that suit, so that any proceeding by her for assignment or recovery of dower would have been useless. *Held*, that, notwithstanding sec. 19, ch. 89, R. S. 1858, she had made an effectual election not to take under the will; and the surviving children of the mortgagor succeeded to his interest in the premises, subject to her dower and homestead rights.

4. After a sale on foreclosure of a mortgage paramount to the widow's dower and homestead rights, the heir (not made a party to the foreclosure) may maintain an action to redeem, during the widow's life and widowhood.

5. A demurrer, based upon the statute of limitations, is not sustained by the mere fact that the complaint appears to have been *verified* after the statute had fully run; and no fact *dehors* the complaint (though appearing from the record) will be considered on such a demurrer.

APPEAL from the Circuit Court for *Sheboygan* County.

Plaintiff brought this action to redeem certain real estate from two mortgages executed by his father, who is now deceased. The material averments of the complaint are sufficiently stated in the brief of counsel for the defendants, as follows: "The plaintiff's father, Charles Zægel, owned in fee a lot in the city of Sheboygan, 52x180 feet, with a three-story brick building thereon, upon which he had, with his former wife joining, executed two mortgages — one for $1,300, dated December 4, 1855, due in three years, and the other for $2,000, dated June 7, 1856, due in two years, and each bearing twelve per cent. interest. His wife died soon afterwards. An action to foreclose the first mortgage was commenced January 12, 1860, in which said mortgagor was served as defendant with other parties, including the second mortgagee; and during its pendency, on January 19, 1860, said Charles Zægel died, occupying the said premises as his *homestead*, and leaving a last will and testament, by which he devised to his wife Helene, as sole heir and devisee, the said mortgaged premises. The will was admitted to probate, in the county court, February 27, 1860, and letters testamentary issued to Joseph Wedig. The

testator left no property out of which the mortgages could have been paid, except said premises. The said widow refused to accept, and never accepted, the said devise to her of said premises, and on the 24th day of April, 1860, *waived* in writing all the provisions made for her in the said will, and filed such waiver in the county court. The deceased left two children, the plaintiff, born January 12, 1858, and Anna H., born July 21, 1859, who were and are the only heirs-at-law; and as such plaintiff owns an undivided half of said premises, with the right to redeem. An order was made in said foreclosure action, July 10, 1860, substituting the executor and the widow as defendants, in place of the deceased. On December 14, 1860, judgment of foreclosure and sale was entered against them, and no notice of the pendency of said action had ever been filed as required by law, and neither this plaintiff nor his said sister were parties. The premises were sold thereunder April 1, 1861, to the defendant *Kuster*, for $5,500, which sum was wholly applied to the payment of the two mortgages, taxes and costs; and *Kuster* subsequently paid $100 more to satisfy the second mortgage. *Kuster* went into possession under the referee's deed, the sale being confirmed by the court, and held such possession until September 20, 1878, during all the time receiving the rents and profits, knowing the plaintiff's rights therein; then he conveyed to the defendant *Mrs. Warren*, by warranty deed, and she, after enjoying rents, etc., conveyed to *Margaret E. Seymour*, September 30, 1879, who has ever since had the possession, etc. *Kuster* mortgaged to the defendant *Insurance Company*, May 25, 1868, to secure $2,000, which is unpaid. The defendant *J. F. W. Thomas* was, and for a long time had been, in the actual possession as tenant." The residue of the complaint states facts which are only material on an accounting (which is prayed for) for rents, profits, repairs, improvements, taxes, insurance, etc. Those allegations are not material to this appeal.

The defendants who appeared in the action, to wit, *Kuster*,

*Warren, Seymour* and the *Insurance Company*, demurred to the complaint on the grounds—*first*, that it fails to state a cause of action; and *second*, that the action is barred by the statute of limitations, referring to R. S. secs. 4221, 4233. This was an appeal by the plaintiff from an order of the circuit court sustaining the demurrer.

*Conrad Krez*, for appellant:

1. The plaintiff, as one of the two heirs-at-law of the mortgagor, is the owner of the equity of redemption in an undivided half of the premises, and may maintain this action. 4 Kent's Comm., 162. A mere statement in the complaint that the sole devisee did not accept the devise, would be sufficient to show that the title vested in the heirs. A devise or gift not accepted is of no effect; and no person is bound to accept a devise, but may refuse it by parol or otherwise. 4 Kent's Comm., 533. 2. The complaint need not show the commencement of proceedings by the widow for the recovery of dower. Sec. 19, ch. 89, R. S. 1858, merely creates a rebuttable presumption in favor of the widow's election of the devise and against her right of dower, where she has not made an election otherwise under the provisions of section 18. But "an election within the year, made by some open and notorious act which cannot be misunderstood," is equivalent to the commencement of such proceedings. *Hawley v. James*, 5 Paige, 445-6. Ch. 89 treats of estates in dower, and the presumption established by section 19 is directed against dower alone. It cannot be conclusive against the title of the heir in case no proceedings are commenced by the widow and she refuses to accept the devise, for then the title would be in no one. Section 19 applies only to cases where there is dower to be assigned. It does not appear that the testator had other lands than the premises in question, and the widow could have no dower in these as against the mortgagees. Her right was confined to the interest on one-third of the surplus arising from the sale of the premises.

Sec. 3, ch. 89, R. S. 1858. She was foreclosed of all rights in the premises by judgment before the year had expired for the commencement of proceedings for the assignment of dower; in that foreclosure suit all her rights to the possible surplus (of which there never was any) would be determined. How could there be any assignment of dower in the premises? Furthermore, the premises appear to have been the homestead, and "it was quite natural that so long as the widow could enjoy the homestead, she should not ask that dower be assigned her out of it." *Bresee v. Stiles*, 22 Wis., 127. 3. The heir, in this case, is entitled to the possession of the premises free of the homestead and dower rights of the widow. The foreclosure sale to *Kuster* operated as an assignment of the mortgage interest. *Moore v. Cord*, 14 Wis., 213; *Stark v. Brown*, 12 id., 572. That mortgage interest was free from such rights of the widow; and her equity of redemption which she had by virtue of such rights, was cut off and foreclosed, and not transferred, by the judgment of foreclosure, which is binding upon her as a party to the suit. 4. *Kuster* could convey by his mortgage to the insurance company no more right than he possessed himself. His title was by its very nature diminishable by the receipt of rents and profits, and the company had constructive notice of this defect. If *Kuster's* claim is paid up, the insurance company can have no claim against the premises. 5. The plaintiff is not concluded by the judgment of foreclosure to which he is not a party. *Adams v. Filer*, 7 Wis., 321; *Stark v. Brown*, 12 id., 581. 6. The complaint does not show the action barred by limitation. The cause of action accrued during the plaintiff's minority, and he had at least one year after attaining majority in which to bring the action. That year expired January 12, 1880. The complaint shows that the action was not commenced on the 5th of January, 1880, but does not show that it was not commenced between the 5th and the 12th; and it was, in fact, so commenced.

There were briefs by *Seaman & Williams* for respondents *Kuster, Warren* and *Seymour;* and by *D. G. Hooker* for the respondent *N. W. Mut. Life Ins. Co.;* and oral arguments by *Mr. Seaman* and *Mr. Hooker:*

I. The complaint does not state a cause of action: 1. It appears upon the face thereof that there was a perfect fore-closure, and that the plaintiff had and has no interest in the premises. Upon the probate of a will there is a presumptive vesting of the devised interest in the devisee. *Markwell v. Thorn,* 28 Wis., 549; 3 Washb. R. P. (3d ed.), 450; Co. Litt., 111. To overcome this presumption the devisee must assert his renunciation of the devise by a clear and unequivocal dis-claimer of any estate in the land. *Smyth v. Smyth,* 6 B. & C., 112. And this disclaimer must be by deed, or by some act made equally conclusive by statute. *Bryan v. Hyre,* 1 Rob. (Va.), 94; *Ex parte Fuller,* 2 Story, 327; *Webster v. Gilman,* 1 id., 499; *Tole v. Hardy,* 6 Cow., 340; 6 Greenl. Cruise, marg. p. 134 and note 1; 3 Washb. R. P. (4th ed.), 542. Here there was no deed of renunciation, no adjudication thereof, and no act except the notice of waiver. Such notice was in-sufficient under the statute. R. S. 1858, ch. 89, sec. 19. The material features of this statute seem to have been borrowed from New York (1 R. S. N. Y., 741, § 14), where, however, the widow might enter upon the land to be assigned as dower, or commence action. The construction there placed upon the statute, prior to its adoption in Wisconsin, made the presump-tion conclusive that she took under the will, unless she so entered or sued. *Hawley v. James,* 5 Paige, 318; *Kennedy v. Mills,* 13 Wend., 553; *Palmer v. Voorhis,* 35 Barb., 479. See also *Chamberlain v. Chamberlain,* 43 N. Y., 424, 441; *Walton's Estate,* 1 Tuck. (Surr.), 10; Willard's Eq. Jur., 552; Dayton's Surr., 435; 2 Scribner on Dower, 474–496. After the death of the mortgagor it was sufficient, for the purpose of revivor, to substitute the executor as defendant in the fore-closure suit. Under ch. 363, Laws of 1860, the " proper repre-

sentative " is the executor in case of testacy. 2 Bouv. Dict., 464; 6 Madd. Ch., 159; 5 Ves. Ch., 402. 2. If the widow be held to have renounced the provisions of the will, she was then entitled to the use and enjoyment of the homestead so long as she lived without remarriage. Sec. 2, ch. 137, Laws of 1858; R. S. 1858, p. 798. Her continued life and widowhood will be presumed. Having been substituted as party defendant in the foreclosure suit, the sale pursuant to the judgment therein was equivalent to a conveyance by her; and the purchaser, *Kuster*, became vested absolutely with all her rights of possession and enjoyment, as well as the interest of the two mortgagees who were paid out of his bid. *Green v. Dixon*, 9 Wis., 532; *Stark v. Brown*, 12 id., 572; *Tallman v. Ely*, 6 id., 244; *Moore v. Cord*, 14 id., 214; *Houghton v. Kneeland*, 7 id., 244; *Cord v. Hirsch*, 17 id., 403. The children, having no interest except in the remainder, can assert no claim to the possession or to the rents and profits, prior to the marriage or death of the widow. 3. There is no allegation of tender of the amount due before the commencement of the action, or of demand for an account of rents, etc. Such demand was a prerequisite. 2 Van Santv. Eq. Pr. (2d ed.), 113–114. II. The action appears to be barred by limitation. The right to bring the action would have been barred, in the first instance, in ten years, under R. S., sec. 4221. But the plaintiff claims to be saved from the operation of that section, because of his minority, under R. S., sec. 4233. He alleges that he attained his majority January 12, 1879; but it does not appear that the action was commenced within one year from that time. Whenever the pleading shows that the statute has run, unless saved by one of the prescribed exceptions, it must further clearly present the facts showing such exception. *Humbert v. Trinity Ch.*, 7 Paige, 195; *Howell v. Howell*, 15 Wis., 55; *Whitney v. Marshall*, 17 id., 174; *Humbert v. Trinity Church*, 24 Wend., 587; *Van Hook v. Whitlock*, 7 Paige, 373; Van Santv. Pl., 268.

It was also contended in behalf of the respondent *The N. W. Mut. Life Ins. Co.*, that whatever may be the right of the plaintiff to redemption upon an accounting as against the purchaser, *Kuster*, and his grantees, no such right exists as against the insurance company. If *Kuster* was merely a mortgagee in possession, his mortgage to the company would operate as an assignment of an interest in the original mortgages equal in amount to the mortgage given by him. The company has not been in possession, and has received no portion of the rents and profits. No tender of payment to the company is alleged, nor does the plaintiff offer to pay the amount into court. The complaint therefore shows no cause of action against the company. *Collins v. Riggs*, 14 Wall., 491; *Farnum v. Metcalf*, 8 Cush., 46.

Lyon, J. 1. If the widow of Charles Zægel, the mortgagor, effectually waived the provision made for her in her husband's will, the interest of the mortgagor in the mortgaged premises descended to his children, subject only to the dower and homestead rights of such widow therein.

It is an elementary rule that the owner of the equity of redemption in mortgaged premises is a necessary party to an action to foreclose the mortgage. If he is not made a party, he is not bound by the judgment in the action, and may redeem from the mortgage lien the same as though no action had been brought. The judgment in such a case operates only to assign the interest of the mortgagee to the purchaser at the foreclosure sale. *Hodson v. Treat*, 7 Wis., 263, and cases cited in head notes (new ed. by Vilas & Bryant).

Had the foreclosure action been commenced after the death of the mortgagor, against the widow and administrator alone, there can be no doubt that the right of redemption would have remained in the heirs of the mortgagor (if they owned the equity of redemption), notwithstanding the judgment in that action and the sale under it. We think the fact that

such action was commenced in the lifetime of the mortgagor does not change the principle. The statute then in force (R. S. 1858, ch. 135, sec. 1) provided for reviving the action on the death of the mortgagor, and continuing it against his successor in interest, who, of course, is the person in whom his interest in the mortgaged premises vested at his death. The statute was not changed by chapter 363 of 1860. The term " proper representative," employed therein, undoubtedly means such successor in interest. This is the more apparent from the fact that the substance of both provisions is retained in the present revision. R. S., 752–3, secs. 2803, 2810.

2. Did the widow of the mortgagor effectually waive the provision made for her in her husband's will? The complaint avers that the widow "refused to accept, and never accepted, the devise to her of said premises, and on the 24th day of April, 1860, waived in writing all the provisions made for her in the said will of her husband, and on said day filed such waiver in the county court of said Sheboygan county." Manifestly this was a clear, unequivocal disclaimer by the widow of any interest in the mortgaged premises under the will. It was filed in the court in which the estate was to be settled, and, we doubt not, was an effectual election under section 18, ch. 89, R. S. 1858, unless something remained to be done by her, under section 19, to make such election effectual. The latter section is as follows: " When a widow shall be entitled to an election under either of the two last preceding sections, she shall be deemed to have elected to take such jointure, devise or other provision, unless, within one year after the death of her husband, she shall commence proceedings for the assignment or recovery of her dower."

Under a similar statute it was held in New York, in *Hawley v. James*, 5 Paige, 318, that certain acts on the part of the widow were equivalent to an entry, or the commencement of proceedings for the assignment of her dower, and constituted a valid election under the statute without actual entry or the commencement of such proceedings. The chancellor says:

" The object of the legislature undoubtedly was to compel the widow to make her election to take her dower, instead of the jointure or other provision made in lieu thereof, within a limited period after the death of the husband, and by some open and notorious act which could not be misunderstood. And where she gives a written notice of such election to the person who is in the possession of the land in which she is entitled to dower, or who is in possession of the rents and profits thereof, claiming title to the land, and such person thereupon admits her right, and voluntarily pays her a part of the rents and profits of the premises as and for her dower therein, it must, in this court at least, be considered as an assignment of her dower, or an entry on the lands, within the intent and meaning of this statutory provision."

The present case is a stronger one in favor of the validity of the widow's election. Her dower right in the mortgaged premises was subject to the mortgages. She was made a party defendant to the foreclosure action, and, before the expiration of a year after the probate of her husband's will, judgment of foreclosure was rendered in the action. The judgment cut off her right to have dower assigned to her in the mortgaged premises, and she could thereafter assert no dower rights except in the surplus moneys arising on the sale, which might remain after satisfying the mortgage liens. Hence, it would have been idle for her to have commenced a proceeding for the assignment of dower when such proceeding would necessarily have been fruitless. When she became a party to the foreclosure action, that action must be considered a proceeding for the assignment of her dower, within the intent and meaning of the statute.

We must hold, therefore, that the widow made a valid election under the statute, and that the interest of the mortgagor in the mortgaged premises descended to his children, of whom the plaintiff is one, as intestate estate, subject to the dower and homestead rights of the widow.

3. But it is claimed that the statute of limitations has run

Zægel vs. Kuster and others, imp.

against the plaintiff's right of action.  For the purposes of this appeal it may be conceded that the case is ruled by section 13 and subd. 6 of section 17, ch. 138, R. S. 1858 (R. S., secs. 4221, 4233).  These statutes, if applicable, gave the plaintiff a right to bring the action at any time within one year after he became of age.  He became of age January 12, 1879.  There is nothing on the face of the complaint showing that the action was commenced after that time.  True, the complaint was verified at a later date, but it by no means follows therefrom that the action was commenced at a later date.  It might have been commenced by the service of a summons, without a complaint, long before the complaint was prepared. · Indeed, counsel for plaintiff says in his brief that it was so commenced, but we have abstained from looking into the record to ascertain how the fact is.  On this appeal we look into the complaint alone.

4. It was argued by the learned counsel for respondents that the purchaser at the foreclosure sale took the dower and homestead rights of the widow, and hence that, while she remains the widow of the mortgagor, such purchaser is entitled to the rents and profits of the mortgaged premises in the right of the widow, who, but for the foreclosure, would have been entitled thereto.  If this position is correct, we do not perceive how it can affect the plaintiff's right to redeem; for a reversioner may redeem.  2 Story's Eq. Jur., § 1023.  And we suppose he may do so pending the antecedent estate.  It only goes to the rule of accounting, which we cannot settle on this appeal.

We conclude that the complaint states a cause of action, and that it fails to show that the action is barred by the statute of limitations.  Hence the demurrer thereto should have been overruled.

*By the Court.*— Order reversed, and cause remanded for further proceedings according to law.