SMITH vs. THE CITY OF JANESVILLE.

*September 2 — September 27, 1881.*

*(1) Court takes notice of incorporation of city.  (2, 3) Limitation of action to recover moneys paid for illegal tax certificates.  (4) How limitation pleadable.*

1. The courts of this state take judicial notice of the incorporation of a city of the state; and a complaint against such city need not aver its corporate character, notwithstanding sec. 3205, R. S., which probably refers to private corporations only.
2. The limitation contained in ch. 144 of 1874 applied to tax certificates issued in 1870 and 1871, and deeds issued thereon, and it continued to apply to them after the revision of 1878, by virtue of sec. 4976, R. S., notwithstanding the repeal of the act by that revision and the enactment of sec. 1185 in its stead.
3. Where an action relating to the validity of tax deeds, commenced within the time prescribed by the act of 1874, was finally determined adversely to their validity more than six years after the maturity of *some* of the certificates on which such deeds were based, but less than six years from the maturity of others, the act reserved a right of action upon the former class of certificates for one year from the date of such decision, but required the action upon the latter class to be brought within six years from their maturity.
4. A demurrer to the complaint on the ground that the action was not commenced within the time limited by law, is bad where the complaint itself does not show *when* the action was commenced.

APPEAL from the Circuit Court for *Rock* County.
Action to recover the sums paid for three tax certificates

issued by the defendant city, and interest thereon, which certificates and the deeds issued pursuant thereto were afterwards adjudged void by this court.

This appeal is taken by the defendant city from an order of the circuit court overruling a demurrer to the complaint. The grounds of demurrer assigned are: (1) That the complaint does not state facts sufficient to constitute a cause of action; and (2) that the action was not commenced within the time limited by law. The complaint shows that the tax certificates were dated, respectively, February 28, 1870; March 14, 1870; and February 1, 1871; also that the action in which the invalidity of the tax deeds was adjudged, was commenced in the circuit court September 1, 1875, and the final decision of this court rendered therein September 2, 1879. The complaint contains no averment that the city of Janesville is a corporation.

*E. M. Hyzer*, for the appellant.

For the respondent there was a brief by *Smith & Emmons*, and oral argument by *A. Hyatt Smith*.

LYON, J. On the argument of this cause but two objections were made to the sufficiency of the complaint. These are: (1) It does not aver that the defendant is a corporation. (2) It appears on the face thereof that the action is barred by the statute of limitations.

1. The first objection is founded upon section 3205, R. S., which provides that "in an action by or against a corporation, the complaint must aver that the plaintiff or defendant, as the case may be, is a corporation." The courts of this state take judicial notice of the fact that the defendant city is a corporation created by the laws of the state, and it would be idle to require that fact to be stated in a pleading. We think the statute above cited was not intended to extend to such a case, but only to cases in which it becomes necessary to inform the court of the corporate character of a party to an action. Probably the statute relates to private corporations alone. The

title of chapter 40, which contains the above section, tends to sustain this view. The chapter is entitled: "Of actions and proceedings by and against corporations and companies." The term "companies" can only denote private associations of persons for the prosecution of some enterprise, and it seems reasonable to say that the use of that term in the title shows an intention on the part of the legislature to limit the meaning of the word "corporations," with which it is associated, to corporations created for like purposes, that is, private corporations.

2. From and after the enactment of chapter 144, Laws of 1874, the limitation therein contained applied to the certificates and deeds described in the complaint. That act is as follows: "Section 1. No action brought to recover any sum of money on any defective or irregular title, tax certificate or tax deed, made or issued by any county or city, shall be maintained in any court against such county or city, unless such action shall be commenced within six years from the time when a deed would have been due upon such tax certificate according to the terms thereof: provided, that any such action may be brought within one year after this act shall take effect; provided further, that whenever an action relating to the validity of any tax deed shall have been commenced within six years from the maturity of the certificate upon which such deed was based, and final decision shall not be rendered until after the expiration of the time limited by this act, then and in such case action may be commenced at any time within one year after such decision declaring said tax deed void." Chapter 144 of 1874 was repealed by the revision of 1878, and section 1185 enacted in its stead. That section provides that the limitation of six years shall commence to run from the date of the tax certificate. The act was passed more than six years after the dates of the certificates in question, and consequently has no application to them. Under section 4976, R. S., the limitation of the act of 1874 continues in force in respect to

these certificates, notwithstanding the repeal of the act. See *Mead v. Nelson, ante,* p. 402, for an application of sec. 4976 to a repealed act.

The action relating to the validity of the tax deeds was commenced within six years from the maturity of the certificates upon which such deeds were based, and final decision was not rendered therein until after the expiration of six years from the maturity of the certificates dated February 28, 1870, and March 14, 1870. The claim of the plaintiff founded upon those certificates is therefore within the proviso of the act of 1874, which gave him the right to bring his action at any time within one year after September 2, 1879 — the date of such final decision. The cause of action founded upon the certificate dated February 1, 1871, is not within such proviso, because such final decision was rendered *before* the expiration of six years from the maturity of the certificate; hence an action founded on the invalidity of that certificate should have been commenced within six years after its maturity, or by the first of February, 1880. It was stated in argument that this action was commenced September 1, 1880. If so, the statute of limitations had then run against the claim founded on the certificate of February 1, 1871, but had not run against the claim founded on the other two certificates. On this appeal we can look into the complaint alone (*Zœgel v. Kuster,* 51 Wis., 31), and that does not inform us when the action was commenced. Certainly, it does not appear upon the face of the complaint that the statute of limitations has run against either cause of action stated therein.

The order overruling the demurrer to the complaint must be affirmed.

*By the Court.*— Order affirmed.

CASSODAY, J., took no part.