## ROBINSON *v.* NATIONAL STOCK-YARD Co.

*(Circuit Court, S. D. New York.* June 7, 1882.)

1. JURISDICTION—FOREIGN CORPORATION—SERVICE OF PROCESS ON.

    A foreign corporation may exercise its franchises and transact business within the state upon such conditions as the laws of the state may impose, and may consent to be "found" within the state, within the meaning of the Revised Statutes, § 739.

2. SAME.

    The question whether a party has been properly served with process or not, or whether he has waived his personal privilege, is not a question of pleading, but one of practice, and it cannot be raised by demurrer.

*Emott, Burnett & Kidder,* for complainant.

*Abbett & Fuller,* for defendant.

WALLACE, C. J. The defendant demurs to the complaint, and, pursuant to the Code of Procedure of this state, alleges as the ground of demurrer "that it appears upon the face of the complaint that the court has not any jurisdiction of the person of the defendant." The point sought to be presented, however, is that the defendant has not been properly served with process, in that the law of congress has been disregarded which provides that no civil suit shall be brought in any circuit court of the United States, "against an inhabitant of the United States, by any original process in any other district than that of which he is an inhabitant, or in which he is found at the time of serving the writ." Rev. St. § 739.

The complaint avers that the defendant is a corporation organized and existing under the laws of the state of New Jersey, and is a citizen of that state. Upon this averment the defendant insists that it is to be presumed not only that the defendant is not an inhabitant of this judicial district, but also that it was not found here when the writ was served.

The demurrer is untenable for two reasons: *First,* no such presumption can be legitimately indulged. Although a corporation of another state cannot immigrate to this state it may exercise its franchises and transact business here upon such conditions as the laws

of this state may impose. It may consent to be "found" here for the purpose of being sued, within the meaning of the act of congress. *Railroad Co.* v. *Harris,* 12 Wall. 65; *Ex parte Schollenberger,* 96 U. S. 369. The presumption that a corporation cannot be found out of the state which created it, is no more cogent than that an individual is not to be found out of the state of which he is an inhabitant; and no one has ever supposed such a presumption obtains when an individual is the party. *Secondly,* the point sought to be raised cannot be presented by a demurrer. The statute in question does not affect the general jurisdiction of the court. It confers a personal exemption or privilege upon a defendant which can be waived and is waived by a general appearance in the action. *Irvine* v. *Lowry,* 14 Pet. 296; *Flanders* v. *Ins. Co.* 3 Mason, 158; *Kitchen* v. *Strowbridge,* 4 Wash. C. C. 84; *Kelsey* v. *Pennsylvania R. Co.* 14 Blatchf. 89. How can it be ascertained on demurrer whether the party has been properly served with process or not, or whether the personal privilege has been waived? It is not the office of a complaint to exhibit the proceedings which have caused the defendant's appearance in the action. The complaint treats the defendant as present in court, and exhibits the issue between the parties. How the defendant came there is an extraneous matter. If the person selected as a defendant is one who is not subject to the jurisdiction of the court, and this is apparent upon the pleading, the objection may be reached by demurrer. If a party is subject to the jurisdiction it may be that jurisdiction has not been properly acquired; but this would present a question, not of pleading, but one of practice. The precise question was ruled in *Nones* v. *Hope Mut. Life Ins. Co.* 5 How. Pr. 96, where it was held that the defendant could not raise by a demurrer under the Code, upon the ground assigned here, the question whether he had been properly served with process.

This defendant is subject to the jurisdiction of the court. If the writ was irregularly served there was an adequate remedy by a motion to quash.

Judgment is ordered for plaintiff. Leave is granted the defendant to answer within 20 days upon payment of costs of the demurrer.

See *Anderson* v. *Shaffer,* 10 FED. REP. 266, and *Lovejoy* v. *Hartford Ins. Co.* 11 FED. REP., note, 69.