BENEDIX and another, Respondents, vs. THE GERMAN INSURANCE COMPANY OF FREEPORT, ILLINOIS, Appellant.

*October 18 — November 5, 1890.*

*Insurance against fire: Pleading: Conditions precedent: Option to rebuild: Demurrer.*

1. In an action on an insurance policy, a complaint alleging that immediately after the fire the plaintiffs forthwith gave notice to defendant of the loss, and that they have duly performed all the conditions of the policy on their part, sufficiently shows that proofs of loss were forwarded to the defendant within sixty days, as required by the policy.

2. An allegation that the defendant has neglected and refused to pay the sum due on the policy, "although more than sixty days have elapsed since said notice and due and satisfactory proofs of loss were duly furnished," sufficiently shows that sixty days had elapsed since said proofs were furnished, as well as since the furnishing of the notice.

3. The complaint need not allege that the defendant had not, within such sixty days after receiving the proofs of loss, given notice of its option to rebuild. The exercise of such option is a matter of defense.

4. A demurrer to a complaint cannot be aided by facts in the record which do not appear upon the face of such complaint.

APPEAL from the Circuit Court for *Brown* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint is to the effect that on September 16, 1886, the defendant issued to the plaintiff *Benedix* a policy of insurance against loss by fire to the property described for the term of three years from that date; that said policy was made payable, in case of loss, to the other plaintiff, *Rohr*, mortgagee, as his interest might appear; that on February 13, 1889, the property so insured was destroyed by fire, to the damage of the assured in the sum of $2,718; that there is now due the plaintiffs, by reason of the premises, the sum of $1,848.45; that immediately after said fire the plaintiffs forthwith gave notice to the defendant of said loss, and have duly performed all of the conditions of said contract of insurance on their part to be performed, but that the defendant has neglected and refused to perform the conditions of said contract on its part, and has refused to pay said sum so due, or any part thereof, " although more than sixty days have elapsed since said notice and due and satisfactory proofs of loss were duly furnished to the defendant company."

The policy named is annexed to the complaint as a part thereof, and contains, among other clauses, one to the following effect: Proofs of loss must be completed and forwarded to the company within sixty days after date of loss, and must bear the certificate of a magistrate. . . . Failure to comply with these terms and conditions within the time prescribed shall cause a forfeiture of all claims under this policy. . . . In case of loss it shall be optional with the company to rebuild or repair the building within a reasonable time, giving notice of its intention to do so within sixty days after having received the preliminary proofs of loss required by these conditions, and in case of differences touching any loss or damage the same shall be

submitted to arbitrators, and no suit against the defendant should be maintainable until an award shall have been made showing the amount of loss, as herein provided.

To said complaint the defendant demurred on the ground that it appeared on the face thereof that it did not state facts sufficient to constitute a cause of action. From an order striking out such demurrer as frivolous the defendant appeals.

For the appellant the cause was submitted on the brief of *Sylvester & Scheiber*.

For the respondents there was a brief by *Vroman & Sale*, and oral argument by *C. E. Vroman*.

CASSODAY, J. It is said that the complaint fails to allege that proofs of loss were forwarded to the defendant within sixty days after date of loss. The complaint does allege, in effect, that immediately after the fire the plaintiffs forthwith gave notice to the defendant of the loss. It also states, generally, that the plaintiffs duly performed all of the conditions of said contract to be performed on their part. This fully satisfies the alleged defect. Sec. 2674, R. S.; *Board-man v. Westchester F. Ins. Co.* 54 Wis. 365; *Reif v. Paige*, 55 Wis. 502; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 86; *Bank of River Falls v. German Am. Ins. Co.* 72 Wis. 535. The case of *Carberry v. German Ins. Co.* 51 Wis. 605, relied upon by counsel for the defendant, is not applicable, since in that case the loss was not payable until ninety days after notice and proof thereof, and there was no allegation that it had become due. *Scheiderer v. Travelers' Ins. Co.* 58 Wis. 18. If the plaintiffs failed to make such proofs within the time named, it worked a forfeiture, and that, under the complaint, was only avoidable by way of answer. *Redman v. Ætna Ins. Co.* 49 Wis. 431; *Schobacher v. Germantown F. M. Ins. Co.* 59 Wis. 90.

It is claimed that the complaint is defective in not alleg-

ing that the defendant had not, within sixty days after receiving such proofs of loss, given notice of its option to rebuild or repair the building, or that such sixty days had elapsed before the commencement of this action. But it is alleged, in effect, in addition to what has already been stated, that the defendant had neglected and refused, and still does neglect and refuse, to pay the sum due on the policy, or any part thereof, "although more than sixty days have elapsed since said notice and due and satisfactory proofs of loss were duly furnished to the defendant company." We think it sufficiently appears, from this language, that such sixty days had elapsed since such proofs were so furnished, as well as since the furnishing of such notice; and if such option was in fact exercised, then it was a matter of defense, on the principle already stated.

Counsel insist that the clause thus quoted must be construed with reference to the date of the verification to the complaint, which was August 14, 1889, and that when so construed it fails to allege that such sixty days had elapsed when the action was commenced, which he asserts was July 2, 1889. But a demurrer to a complaint is only authorized as to such defects as "appear upon the face thereof." Sec. 2649, R. S. This demurrer is specially limited to such defects. It is settled by numerous adjudications in this court that such demurrer cannot even be aided by facts in the record not appearing upon the face of the complaint. *Zœgel v. Kuster,* 51 Wis. 40, 41; *Smith v. Janesville,* 52 Wis. 683; *Magdeburg v. Uihlein,* 53 Wis. 166.

*By the Court.*— The order of the circuit court is affirmed.