Anderson vs. Douglas County.

---

ANDERSON, Respondent, vs. DOUGLAS COUNTY, imp., Appellant.

*January 12 — February 8, 1898.*

*Limitations: Pleading: Taxation: Restraining issuance of deed: Matters affecting groundwork of tax: Improper assessment: Tender of amount justly chargeable.*

1. The admission of service indorsed upon the back of a summons and complaint cannot be considered in passing upon a demurrer based upon the statutes of limitation, since, under sec. 2649, R. S. 1878, a

demurrer reaches only such defects as appear upon the face of the complaint.

2. In an action to restrain the issuance of a tax deed, to set aside the tax sales, and for a reassessment, allegations that the common council of Superior levied upon the taxable property of the city a certain amount for the "general fund," without further explanation; that the county treasurer added an excessive amount of interest; and that the requisite notices for making certain improvements for which the property was assessed were not given, are *held* not to state a cause of action, since the matters alleged do not affect the groundwork of the tax.

3. The intentional assessment of vacant lands for a much greater amount in proportion to their value than improved lands, for the purpose of encouraging improvements, to the great injury of the owner of such vacant lands, is a defect going to the validity of the assessment and affecting the groundwork of the tax, such as authorizes the interference of a court of equity.

4. In an action to restrain the issuance of a tax deed based on such an assessment, payment or tender of the amount justly chargeable to the plaintiff's lands need not be alleged, since it is impossible to ascertain, by computation or otherwise, the amount so justly chargeable; nor need the plaintiff allege a willingness to pay, an allegation of such mere mental condition, incapable of disproof, being of no benefit to defendant.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *H. H. Grace* and *H. C. Sloan,* and for the respondent on that of *Michael S. Bright.*

CASSODAY, C. J. This is an action to restrain the defendants from issuing any tax deed upon any of the plaintiff's land described, and to have all of the tax sales therein mentioned held void and canceled, and for a reassessment for all and singular the taxes mentioned. The defendants *Douglas County* and the county clerk demurred to the complaint for the reason that it does not state facts sufficient to constitute a cause of action against these defendants; that the action was not commenced within the time limited by sec. 1210*h*,

Anderson vs. Douglas County.

S. & B. Ann. Stats., as amended, and certain provisions of the charter. From an order overruling such demurrer the defendant *Douglas County* appeals.

The complaint, among other things, alleges that the assessors for the city for 1891, in violation of law, intentionally and purposely pursuing a settled policy and plan, assessed vacant lands a much greater sum in proportion to their value than improved lands, for the unlawful purpose of encouraging the improvement of unimproved property in the city; that the plaintiff was greatly injured by such acts of the assessors, for the reason that her property was mostly unimproved, and a much greater burden of taxation was thereby thrown upon her than she ought, in justice, to bear. Assuming this to be true, as we must upon this appeal, and it brings the case within the provisions of the statute which declare that "every action or proceeding to set aside any sale of lands for the nonpayment of taxes, or to cancel any tax certificate, or to restrain the issuing of any tax certificate or tax deed, for any error or defect going to the validity of the assessment and affecting the groundwork of such tax, shall be commenced within one year from the date of such tax sale and not thereafter." S. & B. Ann. Stats. sec. 1210$h$; *Morrow v. Lander*, 77 Wis. 80; *Muskego v. Drainage Comm'rs*, 78 Wis. 45. The demurrer, however, only reaches such defects as "appear upon the *face*" of the complaint. R. S. 1878, sec. 2649. When the matters complained of "do not appear upon the face of the complaint, the objection may be taken by answer." R. S. 1878, sec. 2653. Under these statutes, it has frequently been held by this court, in effect, that a demurrer based upon the statutes of limitation cannot be sustained by any fact appearing in the record *dehors* the face of the complaint. *Zægel v. Kuster*, 51 Wis. 31; *Gage v. Wayland*, 67 Wis. 566; *Benedix v. German Ins. Co.* 78 Wis. 77. This precludes us from looking into the admission of service indorsed upon the back of the summons and complaint.

The complaint alleges other defects which do not affect the groundwork of the tax, as, for instance, that in November, 1891, the common council levied upon the taxable property in the city $249,000 for city taxes, including $61,000 designated therein as "general fund," without any other explanation, and that the city had no power or authority to levy any general fund or contingent fund tax, and hence that such levy was void; and also that the county treasurer added an excessive amount of interest; and also that the requisite notice for making certain improvements was not given. In *Hayes v. Douglas Co.* 92 Wis. 429, it was held, in effect, "that the levy of a certain sum for the 'general fund' is not invalid merely because it was not included in the estimates filed and there was no detailed statement of the items of which it was composed." It was there further held that, "even if such a levy is void, still, unless the tax is excessive and unequal and unjust, a court of equity will not interfere to set aside a sale, based on that and other taxes, without payment of that tax as a condition of relief." This last proposition was expressly sanctioned in *Chicago & N. W. R. Co. v. Forest Co.* 95 Wis. 80, 89. This is in pursuance of an equitable rule firmly sanctioned by this court in numerous decisions. *Fifield v. Marinette Co.* 62 Wis. 532; *Wisconsin Cent. R. Co. v. Ashland Co.* 81 Wis. 10 *et seq.; Hixon v. Oneida Co.* 82 Wis. 531, and cases cited in the opinions. The rule is recognized in the recent case of *Wells v. Western P. & S. Co.* 96 Wis. 116, where it was, among other things, held: "(3) If such excess can be determined by mere computation or without proof, failure to plead an offer to pay the balance will be fatal to the cause of action. (4) A failure to tender or offer to pay the balance before suit will be fatal to any claim for costs. (5) If the excess cannot be determined by computation and without proof, the court should determine the same, as near as practicable, to a reasonable certainty, from the evidence produced on the trial."

In as far as the defects alleged do not go to the validity
of the assessment and affect the groundwork of such tax, it
is very evident, from authorities cited, that the complaint
fails to state a cause of action.   But in so far as it alleges
a corrupt and fraudulent assessment, to the great injury of
the plaintiff, it did go to the validity of the assessment and
affected the groundwork of such tax; and hence it was im-
possible for the plaintiff to determine, by computation or
otherwise, what amount of such taxes was justly chargeable
against her lands.   This being so, she could not pay nor
tender payment of the same, and hence she could not allege
such payment or tender.   There is therefore no good reason
for requiring her to allege her willingness to pay, since in
case a reassessment should be ordered upon issue joined and
trial had, the law would require her to pay into court the
amount of such valid reassessment.   S. & B. Ann. Stats. sec.
1210*b*.   An allegation of such mere mental condition would
be of no benefit to the defendant, and would be incapable
of disproof.   As to that branch of the case we think the de-
murrer was properly overruled.

*By the Court.*— The order of the circuit court is affirmed.