## COLUMBIA SAVINGS AND LOAN ASSOCIATION
## v. CLAUSE, AS ADMINISTRATOR.

PLEADING—AMENDED PETITION—STRIKING FROM THE FILES—NEW CAUSE OF ACTION—STATUTE OF LIMITATIONS—SUIT AGAINST ADMINISTRATOR—DEMURRER.

1. Where an amended petition does not differ in substance or effect from the preceding petition, which has been held bad on demurrer, the appropriate remedy is to have it stricken from the files.

2. Where it affirmatively appears on the face of the petition that the statutory period for bringing the action had elapsed before the action was commenced, the objection may be raised by demurrer on the general ground that the petition fails to state facts sufficient to constitute a cause of action.

3. In an action against an administrator upon a claim for money against the estate of the decedent, where it affirmatively appears on the face of the petition that the action was not commenced within three months after the rejection of the claim, as required by statute (R. S., Sec. 4753), the objection that the action is, for that reason, barred may be raised by demurrer on the ground that the petition fails to state facts sufficient to constitute a cause of action.

4. It is not necessary that the petition negative the bar of the statute of limitations, unless, *prima facie,* on the facts alleged, the action would appear to be barred unless brought within some exception, in which case, to avoid a demurrer, it would be necessary to allege the exception deemed sufficient to take the case out of the statute or to prevent its running.

5. A demurrer to a petition in any case reaches those objections only that are apparent on its face.

6. Unless a new cause of action be introduced, or a new party brought in, an amended petition, in respect to the statute of limitations, relates back to the commencement of the action.

7. It is not competent to look to facts appearing by the process, return of service, or other parts of the record not forming a part of the pleadings, to sustain a demurrer to a petition.

8. Where the objection that the action was not commenced within the time allowed by statute is raised by demurrer

to the petition, it is not permissible, in considering such demurrer, to look outside the petition to the process to ascertain when the action was commenced.

9. An amended petition in an action against an administrator alleged the date of the rejection of the claim by the latter, but did not show when the action was commenced. The filing endorsement upon the original petition showed it to have been filed within the statutory period for commencing such an action. The proceedings relative to the summons did not appear on the face of the petition. *Held,* that the objection that the action was barred, because the statutory period had run prior to the date of the first valid summons served upon the defendant, could not be raised by demurrer to the amended petition.

10. An objection that the issuance and service of a new summons upon the filing of an amended petition amounted to an abandonment of the original suit, so as to bar the action, the statutory period having run prior to the filing of the amended petition, cannot be taken advantage of on demurrer to such petition, the facts relative to the summons not appearing on the face of the petition.

11. A demurrer will not lie to an amended petition on the ground that it was filed without leave; if the objection be a valid one, defendant might move to strike the amended petition from the files.

12. In a suit against an administrator upon a claim for money against the estate of the decedent, an amended petition which seeks recovery upon the same obligation as in the original petition, alleges the same written instrument, consideration, stipulations, and the same default, does not state a new cause of action, though it computes the amount claimed to be due up to a later date than in the original petition, and though it abandons a prayer contained in the former petition for the foreclosure of a trust deed given for the debt, there having been no waiver in the former petition of recourse against the property of the estate, which is required by statute, to authorize foreclosure of a mortgage or lien against property of an estate subject thereto; and hence, upon demurrer to the amended petition, the action is not to be deemed commenced at the date of its filing so as to bar the action.

[Decided December 12, 1904.]                    (78 Pac., 708.)

Error to the District Court, Carbon County, Hon. David H. Craig, Judge.

The action was brought by the Columbia Savings and Loan Association against James H. Clause, administrator of the estate of Robert O'Melia, deceased, upon a written contract of the decedent for the payment of money. Upon sustaining a demurrer to the second amended petition, and striking a third amended petition from the files as not differing in substance or effect from the preceding petition, the action was ordered dismissed, and a judgment entered for defendant. The plaintiff brought error. The material facts are stated in the opinion.

*Chatterton & Coolidge* and *J. Norman,* for plaintiff in error.

The various amendments to the petition were proper and did not amount to the statement of a new cause of action; and the bar of the five-year statute of limitation does not apply to this case. The amendments to the petition eliminated the prayer for foreclosure of the trust deed given to secure the debt, and in no way enlarged or in any other way changed the character of the suit. (R. S. 1899, Sec. 3495.) The allowance of a claim against the estate of a decedent is in legal effect a judgment against the estate. As the last payment was for the month of July, 1896, and paid up to the last Saturday of that month, it is clear that five years had not elapsed on the date of the filing of the petition, namely: July 2, 1901. But the statute of limitations would not apply to the note in controversy, as no definite time for maturity is therein stated. The payments were to continue until the stock in the plaintiff association had matured. The provision in the deed of trust for declaring the debt due at the option of the legal holder and for the sale of the premises under the trust deed in the manner and to the same effect as if the indebtedness had regularly matured, clearly takes the case out of the statute of limitations, since it does not provide that the debt shall become due unconditionally, but that it may be declared due at the option of the holder of the note. (Lowenstein v.

Phelan, 17 Neb., 429; Leavitt v. Reynolds, 79 Ia., 348; Watts v. Creighton, 85 Ia., 154; Bank v. Neb., &c., Co., 17 Fed., 763; Mfg. Co. v. Howard, 28 Fed., 741; Belloc v. Davis, 38 Cal., 242; Fletcher v. Daugherty, 13 Neb., 224.)

Pleadings should be liberally construed. (R. S. 1899, Sec. 3570.) The relief prayed for is no part of the cause of action. (Hahl v. Sugo, 169 N. Y., 109.) The character of the cause of action is determined by the allegations without reference to the prayer. Hence, in determining the character of an amendment with reference to the original complaint, the allegations of each, eliminating the prayers, should be considered. (R. S. 1899, Secs. 3533, 3535; Bliss Code Pl., Sec. 161; 1 Ency. Pl. & Pr., 146.) Amendments will be freely allowed at any stage of the proceedings, and to be refused must be inconsistent with and repugnant to the original complaint. (1 Ency. Pl. & Pr., 470, 472, 477.) The cause of action was not changed by the amendment. (Ins. Co. v. Billings, 61 Vt., 310; Admr. v. Graves, 62 Vt., 280; Maxwell v. Harrison, 8 Ga., 61; Davis v. R. R. Co., 110 N. Y., 646; Stevenson v. Mudgett, 10 N. H., 338.)

The mortgage being in the form of a trust deed, the trustee, as well as the successor in the trust, are necessarily parties and must be before the court as plaintiffs or defendants before an effectual decree can be obtained. (9 Ency. Pl. & Pr., 313; Wiltsie on Mortg. Forcl., Sec. 146.)

An action is deemed commenced at the date of the summons. (R. S. 1899, Sec. 3461.) Unless the cause was heard and determined in the court below upon the merits, no defect in the service of summons or other error in the proceedings can cause the bar of the statute to operate against the claim of plaintiff in error, since the statute clearly gives the plaintiff in error one year after the determination of the case in this court to begin a new action. Section 3465, Revised Statutes, 1899, applies to this case, which authorizes a new action to be commenced within one year where it has been commenced in time and a judgment for plaintiff is reversed or the plaintiff fails otherwise than

upon the merits and the statute has run at the time of such reversal or failure. (Meise v. McCay, 17 O. St., 225; Ry. Co. v. Bemis, 64 O. St., —; Ry. Co. v. Shelton, 57 Ark., 459; Titus v. Poole (N. Y.), 40 N. E., 228; Conolly v. Hyams, 68 id., 662.)

*McMicken & Blydenburgh*, for defendant in error.

But two questions are raised by the petition in error: (1) the sustaining of the demurrer January 17, 1903, and (2) the striking of the plaintiff's so-called amended petition from the files and entering judgment on the demurrer, June 25, 1903. Matters which are not objected to or excepted to at the time and then assigned as error will not be considered in the appellate court. (Johnson v. Golden, 6 Wyo., 540; Imp. Co. v. Bradley, id., 178; Lovekin v. Sterling, 1 Ida., 120; Rude v. Dunbar, 9 Neb., 95; Rand v. King, 134 Pa. St., 641; Elliott's App. Proc., Secs. 306, 308, 402; R. S. 1899, Secs. 3740, 4251.) All argument, therefore, on behalf of plaintiff in error relative to the quashing of the summons and service under the special appearance are to be considered as surplusage and needing no answer, no exception having been taken and no reference made in the petition in error to such ruling of the court. The action of the court in quashing the summons must be accepted as correct, and hence it appears that no legal summons was issued or served prior to November 8, 1901. If the demurrer to the second petition was properly sustained, then the motion to strike the third amended petition was proper, since the latter in no way differed from the preceding petition in respect to the objections presented by the demurrer, namely: (1) that the general statute of limitations barred recovery upon the note, (2) that suit was not commenced within three months after the rejection of the claim by the administrator, as required by Section 4753, Revised Statutes. As the demurrer was sustained without specifying the particular ground thereof, if either objection presented by the demurrer is good, then the court did not err. If suit was

not legally begun within the required three months, then the demurrer was properly sustained and the third amended petition was properly stricken from the files.

The first petition was one for foreclosure of a mortgage, and it might be presumed to have been brought under the last clause of Section 4755, Revised Statutes, though recourse against the property of the estate was not therein expressly waived; and as to such a suit it might perhaps even be brought now upon waiver of recourse, as required by statute. A petition is not sufficient without a prayer. (R. S. 1899, Sec. 3533.) No service was had upon .the petition until November 8, 1901, long after the expiration of the statutory period of three months, the first summons having been held void, and an action being deemed commenced in respect to the statute of limitations as to the defendant at the date of the summons served on him. (R. S., Sec. 3461.) And plaintiff is not aided by Section 3462, since the attempt to commence the action was not followed by service within sixty days.

After appearance entered by defendant and demurrer filed, plaintiff had no right to file an amended petition in the case without leave of court. Section 3465, Revised Statutes, does not apply to this case, for the reason that the filing of the petition was not a commencement of the action, and hence the action was not begun within time.

Since not only the service, but the first summons itself, was quashed by the court, to which no exception was taken, the act of plaintiff in filing a new petition and issuing a new summons thereon was an abandonment of the original action, for otherwise there was no authority in the statute for issuing an entirely new summons or so-called alias summons. The filing of the so-called amended petition, the court having denied leave for that purpose, also constituted an abandonment of the former action, and the issuance of summons thereon while the demurrer was pending to the former petition, can only be considered as showing the commencement of a new action. (Irwin v. Paulett, 1 Kan., 418; R.

Co. v. Wilson, 10 id., 105; Sands v. Caulkins, 30 How. Pr., 13; White v. City, 13 N. Y. Supr., 685; 5 Abb. Pr., 322; 14 How. Pr., 495; Null v. Canal Co., 4 Ind., 431; Ivins v. Schooley, 18 N. Y., 269; Rielly v. Rielly, 64 Hun, 496; Maghee v. City, 78 Ga., 790; Nolton v. City, 130 U. S., 327; Ternekas v. Case, 75 Ia., 152; Peck v. Ins. Co., 102 Mich., 62; Woodville v. Harrison, 3 Wis., 360.)

The original summons itself was void, not voidable, as well as the service. (Bowen v. Jones, 13 Ired. L. (N. C.), —; Anthony v. Beebe, 17 Ark., 447; Rudd v. Thompson, 22 Ark., 363; Vaugn v. Burn, 9 Ark., 20; Bertonlin v. Bourgoin, 19 La. Ann., 360; Bigbee v. Ashly, 7 Ill., 151; Hickey v. Fonistal, 49 Ill., 255; Arnold v. Winn, 26 Miss., 338; Nabors v. Thorson, 1 Ala., 590; Cullanry v. Hanold, 61 Ga., 111; Smith v. Anrick, 6 Colo., 388; Sidwell v. Schumaker, 99 Ill., 426; Hocklander v. Hocklander, 73 Ill., 618; Tyman v. Milton, 44 Cal., 630; Ward v. Ward, 59 Cal., 139; Flint v. Noyes, 27 Kan., 351; Coke Litt., 168a; Graves v. Smart, 75 Me., 295; Falvey v. Jones, 80 Ga., 136; Gowdy v. Sanders, 88 Ky., 346; Jenasen v. Walthers, 26 Fla., 448; Williams v. Hutchinson, 26 Fla., 513; Andrews v. Fitzpatrick, 16 S. E., 278; Baird v. Smith, 9 Ia., 50; Carlisle v. Weston, 21 Pick., —; Gintier v. Rosecrance, 27 Wis., 488; R. Co. v. Sayre, 13 N. W., 404; Gallegos v. Pino, 1 H. M., 410; Wood v. Crosby, 2 Hi., 520; Avery v. Warren, 12 Heisk., 559.)

POTTER, JUSTICE.

In the District Court a demurrer to the second amended petition was sustained, and leave given to file another amended petition. The third amended petition was filed within the time allowed and was stricken from the files on motion of defendant on the ground that it did not differ in substance and effect from the preceding petition, and did not cure the objection to that petition. Thereupon judgment for defendant was rendered on the demurrer, the action was dismissed and defendant awarded his costs. Alleging error

in each of said orders, the plaintiff brings the case to this court for review.

If the demurrer was properly sustained, it was not error to strike the third amended petition from the files. The appropriate remedy where an amended petition does not differ in substance or effect from the preceding petition, which has been held bad on demurrer, is to have it stricken from the files.

The suit was brought against an administrator upon a claim for money against the estate of the decedent, and the petition alleged that the claim had been duly presented to the administrator as provided by law and rejected by him April 13, 1901. The second amended petition was filed June 26, 1902, and the demurrer raised the objection that the said petition was not filed nor the action commenced within three months after the rejection of the claim, as required by Section 4753, Revised Statutes, and the ground of demurrer was also specified that the petition does not state facts sufficient to constitute a cause of action; but, independently of the statute of limitations, there seems to be no contention that the allegations fail to state a cause of action.

Where it affirmatively appears on the face of the petition that the statutory period for bringing the action had elapsed before the action was commenced, the objection may be raised by demurrer on the general ground that the petition fails to state facts sufficient to constitute a cause of action. (Cowhick v. Shingle, 5 Wyo., 87; Marks v. Board of Commissioners, 11 Wyo., 488; Bonifield v. Price, 1 Wyo., 172.) It is not necessary for the petition to negative the bar of the statute, unless, *prima facie,* on the facts alleged, the action would appear to be barred unless brought within some exception, and then to avoid a demurrer it would be necessary to allege the exception deemed sufficient to take the case out of the statute, or to prevent its running. But to be reached by demurrer the bar must affirmatively appear on the face of the petition. Otherwise, the objection must be taken by answer.

A demurrer in any case reaches those objections only that are apparent on the face of the petition. That is the rule of code procedure generally, and is expressly so declared by our statute.' (Rev. Stat., Sec. 3535; 1 Abbott's Tr. Brief on Pleadings, 14; 6 Ency. Pl. & Pr., 297; Bliss Code Pl., Sec. 404.) That is likewise the general rule at common law. (1 Chitty Pl., 692.) Though, under the practice at common law where plaintiff declares upon a written instrument and·states the same but partially, the defendant may crave oyer of the instrument and set forth the whole of it, thereby making it a part of the declaration, and then demur ; and that practice is followed in some states. (1 Chitty's Pl., 697; Matthewson v. Grand Rapids, 88 Mich., 858 (26 Am. St., 299.) We are aware of no such exception under the code in the absence of a specific provision for it. Generally, a demurrer founded on matter collateral to the pleading against which it is directed is called a "speaking demurrer," and is held bad. (6 Ency. Pl. & Pr., 298; Ruddick v. Marshall, 23 Ia., 243.)

The amended petition to which the demurrer was sustained alleged the date of the rejection by the administrator of the claim sued on, but did not show when the action was commenced. Unless a new cause of action be introduced, or a new party brought in, an amended petition, in respect to the statute of limitations, relates back to the commencement of the action. It is perhaps permissible on the demurrer to go back to the original petition to ascertain from the official endorsement thereon when it was filed. If that be done here, it will be discovered that it was filed July 2, 1901, which was within the statutory period of three months after the claim had been rejected. But the arguments of counsel have taken a much wider range. It seems that the summons issued on the original petition was subsequently quashed on the ground that it had been directed to and served by an unauthorized officer; and a second summons was issued November 8, 1901, and served on defendant, and that a new summons was issued and served upon the filing

of each amended petition. It is contended on the one hand that the action was not commenced when the original petition was filed on the ground that the summons issued thereon and the service thereof was void; and, on the other hand, it is urged that the proceedings were sufficient to commence the action within the meaning and operation of the statute authorizing a new action within one year after the failure of plaintiff otherwise than on the merits. (R. S., Sec. 3465.) This would present an interesting question upon an issue properly raised, but a consideration of the facts involved is clearly beyond the scope of the demurrer.

In none of the cases in this court upon an issue of the statute of limitations raised by demurrer does it appear that the question was decided upon anything outside the petition itself. When the pleading objected to is an original petition the date of its filing represents the earliest time at which the action can be deemed commenced, since a summons does not issue until the filing of a petition. Therefore, if such a petition allege the time when the cause of action accrued, and there is no allegation sufficient to avoid the bar, and the statute appears to have run before the filing of the petition, the latter will show affirmatively that the action is barred. In the case in hand, even by resorting to the original petition, there is no such affirmative showing. The proceedings relative to the summons do not appear on the face of the petition, and while the facts would be entirely competent on an issue raised by answer, their relevancy on demurrer is not perceived.

By the great weight of authority, it is not competent to look to facts appearing by the process, return of service, or other parts of the record not forming a part of the pleadings, to sustain a demurrer to a petition; and it is not permissible on demurrer to look outside the petition to the process to ascertain when the action was commenced. (Abbott's Tr. Br. on Pl., 18; Brooks v. Metropolitan Life Ins. Co. (N. J.), 56 Atl., 168; Huss v. Central R. & Banking Co., 66 Ala., 472; Nybladh v. Herterius, 41 Fed., 120;

Smith v. Day, 39 Oreg., 531 (65 Pac., 1055); Smith v. Holmes, 19 N. Y., 271; Zaegel v. Kuster, 51 Wis., 31 (7 N. W., 781); Smith v. City of Janesville, 52 Wis., 680 (9 N. W., 789); Benedix v. Ins. Co., 78 Wis., 77 (47 N. W., 176); Anderson v. Douglas County, 98 Wis., 393; Steamboat Farmer v. McCraw, 31 Ala., 659; Hust v. Conn, 12 Ind., 257; Thames L. & T. Co. v. Beville, 100 Ind., 309; Am. Ins. Co. v. Replogel, 114 Ind., 1 (15 N. E., 810); Ghiradelli v. Greene, 56 Cal., 629; Kamm v. Bank of California, 15 Pac., 765 (Cal.); Polk Co. v. Hierb, 37 Ia., 361; Robinson v. National Stock Yard Co., 12 Fed., 361; Ruddick v. Marshall, 23 Ia., 243; Miller v. Miller, 63 Ia., 387; Maynard v. Talcott, 2 Barb., 569; Owen v. Waters, 2 M. & W., 91; Swann v. Phœnix I. & C. Co., 58 Ga., 199; and see State v. Simpkins, 77 Ia., 676; Osborn v. Portsmouth Nat'l. Bank, 61 O. St., 427.)

In West Virginia it seems that oyer may be craved of the writ and thus make it a part of the record to be considered with the declaration, so that a demurrer would in effect say that the facts as they appear by the writ and declaration are not sufficient in law; and the writ may then be looked to in order to show when the action was commenced. (Lambert v. Ensign Mfg. Co., 42 W. Va., 813.) And in a case in the United States Circuit Court for the District of Oregon, it was held, citing the West Virginia case, *supra*, that on demurrer, in order to determine the date of the commencement of the action with reference to the statute of limitations, it is necessary to go to the summons, and that the writ and complaint must be read together, and what the writ shows will be deemed to appear on the face of the complaint. (Patterson v. Thompson, 90 Fed., 647.) No other case has come to our attention where that view has been taken.

In the early case of Bonnifield v. Price, 1 Wyo., 172, suit was brought upon a foreign judgment, and a special demurrer was interposed on the ground "that the cause of action did not accrue within five years prior to the filing of

the petition." The court said: "Where from the face of the petition it is apparent, without any further showing, that the statute of limitation has commenced to run, a defendant may take advantage of the same by a special demurrer. In this case, upon the decision of the demurrer, there was no legal evidence whatever before the court, neither could there have been as to the provisions and effect of the statutes of California." In the case of Anderson v. Douglas Co., *supra,* the Wisconsin court held that it was precluded from looking to the admission of service indorsed on the summons and complaint.

It is clearly incompetent, therefore, to take into consideration the facts concerning the process issued in the case. The defendant is not prevented from taking advantage of those facts by answer, but they are foreign to the issue presented by the demurrer. The same principle precludes consideration of the point urged, that the issuance of a new summons with the amended petition amounted to a practical abandonment of the original suit.

If, as suggested, the second amended petition was filed without leave, the defendant, had he desired to raise that question, might have moved to strike it from the files. That is not the office of a demurrer.

Again, it is urged that the action should be deemed commenced at the date of the filing of the amended petition demurred to, because it states a new cause of action. It may be doubtful whether that point is properly raised by the demurrer; but, waiving a consideration of that question, we think it reasonably clear that the point is not well taken. It is possible that as to a part of the amount claimed recovery is first sought in the amended petition. It seems that the amount claimed to be due is computed up to a date one month later than in the original petition; but in all the petitions recovery is sought on the same obligation. The same written instrument, the same consideration, the same stipulations, and the same default, are alleged. This is a suit upon a claim against the estate of a decedent, and in

such case it is held that recovery can be had only on the
claim as presented to and rejected by the administrator.
(Brooks v. Lawson, 68 Pac., 97 (Cal.) ; Lichtenburg v.
McGlynn, 105 Cal., 45 (38 Pac., 541) ; McGrath v. Car-
rall, 42 Pac., 466 (Cal.)  The particular manner of pre-
senting the claim is not alleged, nor does the petition show
how the claim was described in the document presented to
the administrator. It is averred generally that the claim sued
on was duly presented to the administrator as provided by
law. The fact that the prayer of the original petition asked
for foreclosure of a trust deed given to secure the debt, and
that such relief is not included in the prayer to the amended
petition does not amount to the statement of a new cause
of action. The original petition also prayed for judgment
for the amount claimed; and did not waive recourse against
the property of the estate. Hence it did not authorize a
foreclosure.

For the reasons above stated, the court erred in sustaining
the demurrer and rendering judgment thereon. The judg-
ment will, therefore, be reversed and vacated, and the cause
remanded to the District Court with directions to vacate the
order sustaining the demurrer, and enter an order overruling
it, and for further proceedings.          *Reversed.*

CORN, C. J., concurs.