# Nancy Neel, Plff. in Err., *v.* Commonwealth To Use of William and Harvey Neel.

In an action upon a guardian's bond, to recover a balance found due to minors, *held,* that a mere delay in collecting such balance from the guardian, or agreement without consideration to delay, would not release his surety.

*Held,* also, that an agreement to loan to the administrator and widow of the guardian the moneys thus found due, for a term of years, or until the minors became of age, made by a subsequent guardian of the minors, was, under the circumstances, without consideration, and that there was no time when the surety could not have compelled a collection of the claim, and he was therefore not injured by the delay.

*Held,* also, that the guardian and his sureties could only be relieved from liability for such balance, by payment or some binding agreement with the subsequent guardian which was equivalent to payment.

(Decided November 15, 1886.)

Argued October 26, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 51, W. D. Error to the Common Pleas No. 2 of Allegheny County to review a judgment on a verdict directed for plaintiff in an action of debt on a guardian's bond. Affirmed.

This action was brought in the name of the commonwealth by William and Harvey Neel against Nancy Neel, administratrix of William Neel, deceased, upon a bond executed by William Neel as surety for William Oliver, guardian of said William and Harvey Neel, minors. William Oliver died in 1875, and Dr. John A. Stone was appointed guardian in his stead.

In 1880, George Oliver filed an account of his father, William Oliver, as guardian of William and Harvey Neel, in the orphans' court of Allegheny county. The account was audited

---

NOTE.—Mere default by the second guardian does not relieve the surety of the first. Com. use of Shaffer v. Julius, 173 Pa. 322, 34 Atl. 21; Neel's Appeal, *post,* p. —, the second hearing of Neel v. Com. When the balance is found by the orphans' court, the only defense is payment. Com. v. Gracey, 96 Pa. 70. But he may be relieved, where the ward allows the guardian to keep the money after becoming of age, the guardian then being solvent, or if he leads the surety to believe that the estate has been paid over. McDonald's Estate, 35 Pittsb. L. J. 386.

by the court and a decree entered finding a balance due to the minors, William and Harvey Neel, of $2,913.79.

This action was brought to recover such balance. The administratrix of William Neel, surety, etc., defended on the ground, *inter alia,* that after the appointment of Dr. Stone as guardian, in 1875, the balance due said wards from William Oliver was computed by the parties, and Dr. Stone entered into a special contract with George Oliver, the administrator of William Oliver, deceased, and Mary Oliver, widow, by which he loaned to them the money due his wards for the term of five years, or until the youngest of said wards should become of age, in March, 1880, at the rate of 8 per cent per annum, and that Dr. Stone as guardian, and said William and Harvey Neel, after they became of full age, have by their conduct and laches put it out of the power of the defendant to protect herself and the estate of William Neel, deceased, by the payment of the claim and taking an assignment thereof.

The court below held that the evidence showed a mere delay in the collection of the indebtedness from the estate of William Oliver, and that the delay, or agreement without consideration to delay, would not release the estate, and directed a verdict for the use plaintiffs. The jury returned a verdict accordingly, upon which judgment was entered; and defendant took this writ, assigning, *inter alia,* as error the action of the court in directing a verdict for the plaintiff.

*J. McF. Carpenter,* for plaintiff in error.—If nothing more resulted from the agreement with the Olivers, it at least amounted to a material change in the terms of the original contract signed by Neel as surety, and this would discharge his estate. Clippinger v. Creps, 2 Watts, 46; Boschert v. Brown, 72 Pa. 374; Templeton v. Shakley, 107 Pa. 380; Neff's Appeal, 9 Watts & S. 36; Hutchinson v. Woodwell, 107 Pa. 509.

The surety is released by reason of the contract extending the time of payment. The time when payment was to be made was fixed. Clippinger v. Creps, 2 Watts, 46; Boschert v. Brown, 72 Pa. 374; Miller v. Stem, 12 Pa. 383; Sawyers v. Hicks, 6 Watts, 76; Henderson v. Ardery, 36 Pa. 449.

The decree of the orphans' court is not conclusive on the question of liability on the bond. Com. v. Gracey, 96 Pa. 70.

*E. P. & C. W. Jones,* for defendant in error.—The decree of

the orphans' court directing George Oliver, administrator of Wm. Oliver, deceased, to pay to William and Harvey Neel a balance found due, being unappealed from, is conclusive both upon the guardian and the sureties on his official bond; and in this action the defendant can have no defense but payment. Com. v. Gracey, 96 Pa. 70.

It is well settled, by a continuous line of cases, that mere delay in bringing suit, however prejudicial to the surety, will not discharge him, even if by the delay a lien is lost upon land. It is the surety's duty to quicken the action of the creditor if he would escape liability himself. United States v. Simpson, 3 Penr. & W. 437, 24 Am. Dec. 331.

The failure of a creditor to revive a judgment against a principal does not discharge the surety. Mundorff v. Singer, 5 Watts, 172; Winton v. Little, 94 Pa. 64; Kindt's Appeal, 102 Pa. 443.

An agreement to give time to discharge a surety must be made between proper parties and be supported by a valid consideration. Brubaker v. Okeson, 36 Pa. 519; Baylies, Sureties & Guarantors, p. 242, note; Ashton v. Sproule, 35 Pa. 492; Zane v. Kennedy, 73 Pa. 182.

The payment of usurious interest, after a debt becomes due, is not a valid consideration for an agreement to give time so as to discharge a surety. Shaffer v. Clark, 90 Pa. 98; Hartman v. Danner, 74 Pa. 36.

A surety in a bond is not discharged by a distinct agreement between the principal and the creditor stipulating for the payment of usurious interest, such agreement being void as to the usury and not otherwise affecting the original contract. Mayfield v. Gordon, 2 Am. L. Reg. 187. See also Grayson's Appeal, 16 W. N. C. 385; Hartman v. Danner, 74 Pa. 36.

PER CURIAM:

The decree of the orphans' court definitely fixed the liability of William Oliver and his sureties, to the plaintiffs in this case, in the sum of $2,913.79. From this they could only be relieved by payment, or some binding agreement with the subsequent guardian which would be equivalent to payment. Admittedly payment was never made; and we agree with the court below, that no such arrangement was made with George Oliver, the son and administrator of William Oliver, as would relieve

either the estate or surety of the latter. He agreed to let George keep and use the money until the youngest ward came of age, on paying 8 per cent interest. But this contract was without consideration; lawful interest followed as of course, and the extra 2 per cent which was usurious would apply when paid on the principal debt. There was, therefore, no time when the surety could not have compelled a collection of the claim; hence, if he was injured by the delay, it arose from his own neglect.

The judgment is affirmed.