## UNITED STATES FIDELITY AND GUARANTY COMPANY v. PARKER.
### (No. 651.)

Guardian and Ward—Suit Upon Bond of Guardian Appointed in Another State—Jurisdiction—Principal and Surety—Surety Company Not Surety for Accommodation—Parties in Suit on Guardian's Bond—Defect of Parties—Waiver of Objection—Liability on Guardian's Bond Given to Several Wards Jointly—Limitation of Actions—Pleading—Amendment—Parties—Sureties on Former Bond of Guardian.

1. Where a guardian appointed in another state died in that state after having disposed of all the ward's property and converted the proceeds to his own use, and his estate was insolvent, *held*, that a judgment recovered in such other state, though not in the court wherein the guardian was

appointed, for the amount due the ward in a suit by her against the administratrix of the guardian's estate was conclusive upon the surety in a subsequent action by the ward upon the guardian's bond, and sufficient as a determination of the amount due the ward from the guardian, without a settlement of the guardian's accounts in the court that appointed him, to authorize a suit to be maintained upon the bond.

2. A suit upon a guardian's bond against the surety to recover the amount due the ward is maintainable in a district court in this state, although the guardian was appointed in another state, where it appears that the guardian had died in the state wherein he was appointed after having disposed of all the ward's property and converted the proceeds to his own use, and his estate is insolvent.

3. A company organized to sign official bonds as surety for profit does not stand in the position of a surety for accommodation.

4. Unless defect of parties plaintiff is raised by demurrer or answer, as required by the Code, the objection is waived.

5. Where a guardian's bond given in another state was executed in favor of three wards jointly, and the intention appeared to secure each of the wards in his and her individual rights, and to turn over to each the property to which he or she was entitled upon attaining majority, a several action on the bond by each of the obligees, if necessary, was contemplated, and the bond will be construed so as to preserve the several rights of the obligees, the right to maintain the action severally, as a matter of procedure in this state, being clearly authorized by the statute which declares that the court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights, and that when such controversy cannot be had without the presence of other parties, the court may order them to be brought in or dismiss the action without prejudice.

6. The words of section 4331, Compiled Statutes, that "a complete determination of the controversy cannot be had without the presence of other parties", means that there are persons who are not parties and whose rights must be settled before those of the parties to the suit can be determined. Where the court can do justice as between the parties to the action without prejudicing the rights of

others or by saving such rights, then, under the above section, it may proceed to do so.

7. The aggregate liability upon the bond to several wards jointly named in a guardian's bond, whether recovered jointly or severally, cannot exceed the penalty fixed in the bond.

8. The statute of limitations when interposed as a defense, is new matter constituting an affirmative defense, and the facts must be pleaded as such, not as mere conclusions of law or inferences of fact.

9. Where, in an amended answer, it was alleged, in an action upon a guardian's bond by the ward, that the plaintiff attained her majority and became an adult in a certain month and year stated under the statute of another state wherein the guardian had been appointed, the statute being set out in full, and also a statute of such other state limiting an action upon a guardian's bond to three years from the discharge or removal of the guardian, and that "the cause of action contained in the amended petition is barred by the law hereinbefore quoted"; *Held,* that the trial court properly excluded evidence in support of the defense, for the reason that the allegation was a legal conclusion, and not of an issuable fact, and further, it was not alleged nor did it appear when the action was commenced, the original petition not being in the record, having been superseded by an amended petition.

10. The defense of the statute of limitations set up in an amended answer to an amended petition, the original petition not being in the record, cannot be aided, nor the proper allegation as to when the action was commenced supplied, by reference to the summons.

11. It was not error to deny defendant's motion made during the trial to amend the answer by inserting an allegation of fact not embraced therein, where it was not shown as required in such case by section 4437, Compiled Statutes, unless relieved by the court from so doing, that the amendatory fact was unknown to the defendant prior to the application.

12. Where it appeared in an action upon a guardian's bond that the devastavit occurred subsequent to the giving and approval of the bond, and that the order allowing and approving it declared it was allowed and filed in lieu of a former bond, and that the sureties on such former bond were discharged and exonerated from further liability;

*Held,* that the sureties upon the former bond were not necessary parties, and, further, that if they ought to have been made parties the objection was waived by failure to raise it by demurrer or answer.

[Decided February 17, 1912.]                    (121 Pac., 531.)

ERROR to the District Court, Sheridan County; HON. CAR-ROLL H. PARMELEE, Judge.

The material facts are stated in the opinion.

*M. B. Camplin, George W. Farr, and C. R. Tisor,* for plaintiff in error.

The probate law of Montana and Wyoming having been taken from California the decisions of the Supreme Court of that state are peculiarly applicable to probate proceedings in the courts of Montana and Wyoming. The questions raised in this case, it is believed, have been definitely and finally settled by the Supreme Court of California. The record of the judgment recovered in Rosebud County in Montana set forth in the petition is not binding upon the defendant surety for the reason that there has been no judgment or order in the County of Custer, wherein the guardianship proceedings are pending, determining or fixing the liability or indebtedness of the principal on the bond in question, and this appears by the pleadings. Hence, until such a determination has occurred no right of action exists against the surety, and the objection of the plaintiff in error, defendant below, to the introduction of any evidence should have been sustained.

The alleged bond is insufficient in form and substance, and is not such a bond as required by the laws of Montana in force and effect now and when it was given, since it does not contain any contractual clause, and it contains nothing to impose or fix any obligation or liability on the part of the surety for the failure of the principal to account to the court in which the guardianship proceedings are pending. Again, the district court of Sheridan County in this state had no jurisdiction to try and determine this cause, and the complaint being insufficient in substance the demurrer thereto should have been sustained. The same questions were

raised and urged upon the demurrer and upon the objection to the introduction of any testimony on the part of the plaintiff below. It is a well settled rule of law, and it has been so decided in California, that before any liability attaches to a surety upon a guardian's bond, and before any action can be maintained in a court of equity against the surety to enforce the payment of the penalty of any such bond, for a breach thereof by the failure of the guardian to faithfully fulfill the duties of his trust, there must first be some order or decree of the probate court in which the guardianship proceedings are pending determining and fixing the amount of the indebtedness of the guardian to the ward. That an accounting must first be had will doubtless be conceded; and it has many times been held that there is but one party with whom such an accounting can be had, viz: the guardian himself, or in case of his death, his legal representative. The surety in many instances, as in the case at bar, may be a foreign corporation without even an agent located at the place where the estate is being administered, and it is not only impracticable but impossible for sureties to go into court and have an accounting in these guardianship proceedings, for they are not possessed of the means or knowledge to protect themselves against unjust claims; the guardian or his legal representative is the only person in possession of the facts necessary to make an accounting. It is the peculiar province of probate courts to administer the estate of minors as required by law. Their jurisdiction is exclusive and also limited to matters of this character. Courts of equity have no jurisdiction over probate proceedings, and it is an attempt to invade the province of the probate court when actions of this character are brought in courts of equity without the necessary legal steps having first been taken in the court of original and exclusive jurisdiction to determine and fix the basis of the action sought to be prosecuted. (Graff v. Mesmer, et al., 52 Cal. 636; Allen v. Tiffany, 53 Cal. 16; Chaquette v. Orter, 60 Cal. 594; Hudson v. Barrett, (Kan.) 61 Pac. 737; Reither v. Murdock, (Cal.) 67 Pac. 784.)

There are two modes of procedure which may be followed by wards in actions upon the guardian's bond; first, an accounting must first be had in the probate proceedings and an order obtained therein fixing the amount of the guardian's indebtedness to the ward, which may be used as the basis for an action in a court of competent jurisdiction against the sureties upon the bond to enforce payment of the penalty for a breach thereof. Second, if there has been no accounting in the probate proceedings, such as we contend there has not been in the case at bar, the proper course is for the ward to commence a suit on her bond in the district court in the county and state where the guardian was appointed against the personal representative of the guardian if he be deceased, to compel such personal representative to go into court and render an accounting in the guardianship proceedings. In such a case the surety can be made a party defendant and could participate in the accounting, and if upon such an accounting it was ascertained that the guardian was indebted to the ward judgment could be entered against the surety for the amount found to be due. This, we believe, to be an equitable rule, since the surety then participates in the accounting and has a chance to be heard; and the accounting will be had in the court having jurisdiction of the subject matter, with all the parties concerned before the court. The estates of the wards of this guardian have never been closed or settled. They are still pending in Custer County, Montana. It cannot be seriously urged that the courts of Wyoming have jurisdiction over pending probate matters in Montana. Neither can it be urged that the courts of Wyoming have jurisdiction over the estate of the deceased guardian pending in the district court of Rosebud County, Montana, or over the administratrix of such estate. If that be conceded then a district court in Wyoming can have no jurisdiction over either the subject matter or any of the real parties in interest in this action. (Reed v. Hume, 70 Pac. 998; Cook v. Ceas, (Cal.) 77 Pac. 65.)

A suit on a bond cannot be commenced before there is a breach. The bond does not constitute the cause of action,

but some breach of the bond; and if the guardian is not in
default until he fails or refuses on demand to pay over the
amount found due on settlement of his accounts, a final order
of settlement is an essential element of the cause of action
against the surety.    (Nickals v. Stanley, (Cal.) 81 Pac. 117;
Weihe v. Stratham, (Cal.) 67 Cal. 84, 7 Pac. 143; Ford v.
Kittredge, 28 La. Ann. 113; Chapron v. Chapron, 41 La.
Ann. 486; 6 So. 810; Treasurer &c. v. Hall, 2 Ohio, 225;
Ordinary v. McClure, (S. C.) 1 Bailey, 7; Davant v. Pope,
6 Rich. Law, 247; Terr. v. Bramble, 2 Dak. 189, 5 N. W.
945; State v. Waples, 5 Har. 257; Kempear v. Splane, 4
La. Ann. 486; Haight v. Brisbin, 100 N. Y. 219, 3 N. E. 74;
Cadwallader v. Longley, 1 Disn. (Ohio) 497; Adams v.
Petrain, 11 Ore. 304, 3 Pac. 163; Easterling v. Thompson, 1
Rice, (S. C.) 346; Buchanan v. Bilger, 64 Tex. 589; Jones
v. Irvine, 23 Miss. 361; State v. Cutting, 2 O. St. 1; Probate
Court v. Kimball, 42 Vt. 320; Judge &c. v. French, 3 Stew.
& P. (Ala.) 263; State ex rel. Shinn v. Stafford, 73 Mo.
658; Ordinary v. Pettus, 11 Rich. Law, 543; Probate Court
v. Chapin, 31 Vt. 473.)

The amended petition set forth the bond and the breach
thereof, and attempted to plead facts which would entitle the
plaintiff to recover from the surety for a breach by the
guardian, and then alleged the judgment obtained in the dis-
trict court in Rosebud County, Montana, against the admin-
istratrix of the estate of the deceased guardian, the said
judgment being set out in full, and upon the trial the plead-
ings in that action were introduced in evidence.    It seems to
us that there are clearly two causes of action relied upon in
the amended petition, one upon the bond and the facts plead-
ed to establish a breach, and one upon the judgment.    The
two causes of action are separate and distinct, the one de-
pending upon the failure of the guardian to account in the
proper court, and the other upon the judgment.    Evidence
that might be material and competent in an action based upon
a breach of the bond are irrelevant and immaterial and in-
competent so far as the action is brought upon the judgment,

and vice versa.  At the outset the plaintiff in error moved that the defendant in error be required to elect upon which cause of action she relied.  The court denied that motion, and testimony was introduced to show the property that had come into the hands of the guardian, the disposition made of it and its value at the time he took possession of it and when the guardianship terminated, and the court attempted to determine in this action the amount of the guardian's indebtedness to the ward, to thereby establish the liability of the surety.  Testimony was also introduced fully covering the judgment recovered against the administratrix.  The evidence was all duly objected to and the ruling of the court thereon excepted to.  In this particular there is certainly reversible error.

As above stated the bond contains no contractual clause. There is nothing contained in it which attempts in any manner to impose an obligation or fix a liability upon the surety for the failure of the guardian to faithfully discharge the duties of his trust.  The action was barred by the statute of limitations.  It should have been commenced within three years after the termination of the guardianship.  The guardianship was terminated when the ward attained her majority, and all relations between the guardian and ward thereafter were contractual.  When the guardianship terminated the guardian became discharged, and the statute of limitations was set in motion.  (Berker v. Marsh; (Mont.) 44 Pac. 528, 56 Am. St. 565; Loring v. Alline, 9 Cush. 68; McKim v. Mann, 141 Mass. 507, 6 N. E. 74.)  The law of Montana governs the execution of this bond, the rights and duties of the guardian, and the rights and privileges of the sureties, and the same law also governs the procedure in actions upon bonds of this character, so that unless the action is brought in accordance with the law of Montana and within the period provided by the law of that state it cannot be maintained.  It was clearly an abuse of the court's discretion to deny the defendant's application to maintain the second defense of its answer.  The statutes of limitation of Montana were pleaded.

It was further pleaded that the plaintiff below had not brought herself within that statute, and we believe sufficient facts were pleaded to entitle the defendant below to introduce evidence under this second defense.

*Burgess & Kutcher,* for defendant in error.

The guardianship proceedings are not still pending in Montana for the reason that the death of the guardian terminated the guardianship, and the Montana court thereby lost jurisdiction of that proceeding. Again, the plaintiff became twenty-one years of age before the death of the guardian. The court in Custer County, Montana, cannot therefore have jurisdiction of a proceeding which is terminated, nor does it have jurisdiction of the property of the ward, for that has been squandered and dissipated by the guardian and none of it ever reached the hands of the administratrix of his estate. Under the circumstances, there was as near a final settlement as there could be of the guardianship affairs involving the estate of the ward who brought this action, which occurred in the District Court of Rosebud County, Montana, wherein the administratrix of the estate of the guardian had been appointed. The District Court of Sheridan County had jurisdiction for the following reasons: First, this action is transitory in character and not local. It is an action upon a contract—a bond given by Marks, the guardian, and plaintiff in error, to the ward, by which they incurred jointly and severally a personal liability. This appears from the law of Montana pleaded in the amended petition, viz: "Whenever an official bond (and this includes a guardian's bond under the law of Montana) does not contain the substantial matter * * * * * * required by law * * * * * the state or such party may, by action in any court of competent jurisdiction * * * * * recover damages." * * * * * A court of competent jurisdiction means a court of general jurisdiction, whether federal, state or territory. (Burke v. McDonald. (Ida.), 13 Pac. 360.) Second, no reason is perceived why the courts in this state should not have

jurisdiction of an action upon a guardianship bond given in a foreign state, and no authorities have been cited to show that they do not have such jurisdiction.   Lack of jurisdiction cannot be due to the fact that the bond was given pursuant to the laws of the State of Montana, for rights acquired under the statutes of another state will be enforced if not against the public policy of the state where the suit is brought.   (Herrick v. Minneapolis, &c. (Minn.), 16 N. W. 413; Burns v. Grand Rapids, &c. (Ill.), 15 N. E. 230; Eingartner v. Steel Co. (Wis.), 68 N. W. 664.)   Nor to the fact that the contract was a foreign one, and the cause of action thereon arose beyond the borders of the state.   (Handy v. Ins. Co., 37 O. St. 366.)   The rule relied on by opposing counsel that before an action can be brought against the sureties on a guardian's bond there must be an accounting or settlement had of the guardianship affairs was complied with by obtaining the judgment against the personal representative of the deceased guardian.

The bond is a good and sufficient one.   The Montana statute which is pleaded and forms a part of the bond so declares:   "Whenever an official bond does not contain the substantial matter or conditions required by law, or there are any defects in the approval or filing thereof, it is not void so as to discharge such officer and sureties; but they are equally bound to the state or party interested, and the state or such party may, by action in any court of competent jurisdiction, suggest the defect in the bond, approval or filing and recover the proper and equitable demand or damages from such officer and the persons who intended to become and were included as sureties in such bond."   California has an identical statute, and it has been held in that state to be a sufficient suggestion of the defect to attach a copy of the bond to the complaint in an action upon it, and that defendant could not by reason of the statute say that the bond was unofficial.   (Hubert v. Mendheim, 30 Pac. 633.)   The plaintiff in error is estopped from denying the

validity of the bond, the reasons therefor being fully pleaded in the plaintiff's second reply to the second defense, viz: having received the benefits from signing the bond in the way of premiums, it cannot now evade the responsibilities. (Estate of Ramsay v. People (Ill.), 90 Am. St. 177, and note p. 200.)  Even though a statutory bond is defective it may be enforced as a common law bond.  (Id.)  A court will so construe a bond as to give it meaning if possible and will supply necessary omissions.  (Murfree on Off. Bonds, sec. 134; 11 Cyc. 869, 871; Longfellow v. McGregor, (Minn.) 57 N. W. 926.)  The plaintiff in error was not an ordinary accommodation surety.  It was a surety for compensation and this fact relieves it of the benefit of the doctrine that a surety is a favorite of the law and that a claim against it is to be strictly construed.  (32 Cyc. 306.)  Though the condition of a bond may be void the obligation will still stand.  If this bond has any defect it is in the condition, not in the obligation.  If the condition of the bond is null and void, then defendant in error is entitled to recover upon the obligations contained in the bond without showing any violation of the conditions.  (3 Black. Com. 340; Giles v. Holsted, (N. J.) 61 Am. Dec. 668; 82 Am. St. 205; 4 Ency. Law, (2nd Ed.) 663.)

The exceptions of the plaintiff in error to the rulings of the court complained of were not reduced to writing within the term at which they were taken.  The cause was tried in September, 1909, and judgment was then rendered, the June, 1909, term then being in session.  At the next term a motion for new trial was overruled, and on the application of plaintiff in error it was given until and including March 15, 1910, in which to prepare and present its bill of exceptions.  We contend that any and all exceptions taken during the June, 1909, term must, in order to be considered, have been reduced to writing, presented to and allowed by the court or a judge thereof during that term.  The filing of a motion for a new trial in the June term and its continuance until the December term did not carry with it the exceptions taken during the

June term. (Kline v. Wynne, 10 O. St. 223; Dayton v. Hinsey, 32 O. St. 258; Estabrook v. Gebhart, 32 O. St. 415; Musser v. Chase, 29 O. St. 577; Finley v. Whitely (Ohio), 22 N. E. 640; City v. Christian (Kans.) 31 Pac. 155; Powers v. McCue (Kan.) 29 Pac. 687; Martin v. Ry Co., (Kan.) 32 Pac. 901; Seward v. Klenk (Neb.) 43 N. W. 408.)

The evidence offered under the second defense of the answer which attempted to plead the statute of limitations was rejected because sufficient facts were not pleaded. Counsel for plaintiff in error in their brief do not show wherein sufficient facts were pleaded nor wherein the court erred in holding that the defense was insufficiently pleaded. Not having even attempted to indicate wherein the ruling was erroneous the exception should be considered as waived. (Chicago &c. v. Hunter, (Ind.) 27 N. E. 479; Ferguson v. Union &c. (Okla.) 99 Pac. 641; Frick v Kabakar (Ia.) 90 N. W. 501; Wilson v. Kohn, 4 Ind. App. 165; Shumaker v. Bell, (Ill.) 45 N. E. 428; Gates v. Baltimore &c., (Ind.) 56 N. E. 722; People v. Cole (Mich.) 102 N. W. 856.)

The brief of plaintiff in error does not attempt to show that the facts alleged in the second defense were sufficient to constitute a defense. They mention it only by saying that they believe sufficient facts were pleaded. We contend that the discussion in the brief is insufficient to authorize a consideration of the alleged errors. The pleading was insufficient because the allegations were merely statements of legal conclusions. (Pinkham v. Pinkham, (Neb.) 85 N. W. 285; Spanish Fork v. Hopper, (Utah) 26 Pac. 294; Tunnel Co. v. Stranahan, 31 Cal. 394; Caulfield v. Sanders, 17 Cal. 571; Schrieber v. Goldsmith, 79 N. Y. Supp, p. 848; Satterlund v. Beal, (N. Dak.) 95 N. W. 518; Pomeroy's Code Rem. (3rd Ed.) p. 738.) The authorities cited all hold that the manner in which the statute was pleaded is insufficient to constitute a defense. Again, it is not alleged, nor does it appear from the facts pleaded when the cause of action accrued, and when the statutory period of three years had

elapsed. It was necessary for the answer to allege that the cause of action accrued more than three years prior to the commencement of the action or show that more than three years had elapsed between the commencement of the action and the time when the right of action arose. The answer must refer to the commencement of the action. (Schrieber v. Goldsmith, supra; Eno v. Diefendorf, (N. Y.) 7 N. E. 798; Lincoln v. Thompson, 75 Mo. 613; Caulfield v. Sanders, supra; Tunnel Co. v. Stranahan, supra.) The commencement of the action being the vital time the court cannot supply the omission of necessary allegations by reference to the summons in the case. (Smith v. Day, (Ore.) 65 Pac. 1055.) Nor can it go to the original petition because that was superseded by the amended petition and is out of the case and not in the record. (Love v. Choctaw, (Okla.) 91 Pac. 883; Zuegel v. Kuster, (Wis.) 7 N. W. 789.) The answer speaks from its date in the absence of an allegation to the contrary. The plaintiff in error being a foreign corporation with its domicile in Maryland, to enforce the statute of limitations of another state, not the state of its creation, it must affirmatively appear from the pleadings that in that state it has been regularly engaged in doing business and been amenable to the service of process. This nowhere appears. (Taylor v. U. P. Ry. Co., 123 Fed. 155; Colonial &c., v. Northwest &c., (N. Dak.), 103 N. W. 917; 13 Ency. Law, 904.) Again, the answer fails to show that the Montana statute is applicable in that it fails to allege or show that the cause of action against the plaintiff in error sued upon arose in that state. (Wyo. Comp. Stat. sec. 4308; Pomeroy's Code Rem., p. 777, sec. 716.) The cause of action did not arise in Montana. The test in such case is not where the contract was made, or where it was to be performed, but where service of process can be had, which is usually considered as the place where the party invoking the statute resides. It does not appear from the record where the contract sued upon in this case was executed nor is it entirely clear where it was to be performed, but it may

be assumed that the place of performance was the state of
Montana. At the time of the execution of the bond the de-
fendant in error was a resident of Montana, but at the time
of the trial she was a resident of Wyoming. The record is
silent as to the presence of the plaintiff in error at any time
in Montana, and whether or not it could have been served
with process in that state during the period over which the
statute of limitations must have run in order to bar the
action. The weight of authority we believe under such cir-
cumstances is that the cause of action did not arise in Mon-
tana. (Drake v. Bigelow, (Minn.) 100 N. W. 664; Luce
v. Clark, 51 N. W. 1162; Bliler v. Boswell, 9 Wyo. 74;
Lewis v. Hyams, 63 Pac. 126; Brunner v. Martin, 93 Pac.
165; Strong v. Lewis, (Ill.) 68 N. E. 556.) Since the
plaintiff in error was a corporation created by the laws of
Maryland and having its residence there, it could not by the
common law be sued in Montana. (13 Ency. Law, 894.)
Even under statutes, to authorize a suit against a foreign
corporation there must be an agent in the state and the cor-
poration must be engaged in transacting business there.
One transaction is not sufficient. (Jameson v. Simonds Saw
Co., 84 Pac. 289.) The presumption is that process could
not have been served upon the plaintiff in error in Montana.
(Taylor v. Ry. Co., supra.) But is the cause of action sued
upon actually barred by the statutes of Montana? To an-
swer this in the affirmative the words "discharge or removal"
found in the statute must be construed to cover a case where
the ward attains majority. It was attempted to plead that
such a construction was placed upon the statute by the
Supreme Court of Montana. It was not, however, pleaded
when such a construction was placed upon the statute, so as
to become a part of the law of that state. Hence the allega-
tion was insufficient. In the amended reply another section
of the Montana statutes is pleaded to the effect that a
guardian is not entitled to his discharge until one year after
the majority of his ward.

Scott, Justice.

This action was commenced in the district court of Sheridan County by Clara E. Parker, defendant in error as plaintiff, against the plaintiff in error as defendant, to recover from the latter as surety upon a guardian's bond for an alleged default of the guardian. Upon issue joined the case was tried to the court, a jury being waived, and the court found for and gave judgment in favor of Clara E. Parker and against the company for the sum of $974.50 and interest thereon at eight per cent. per annum from July 14, 1908, and costs of suit. The company brings the case here on error.

An amended petition was filed to which the defendant demurred upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and such ruling is here assigned as error.

It is alleged in the petition that the plaintiff in error is and was at all times mentioned therein a corporation duly organized and existing under and by virtue of the laws of the State of Maryland. That one George A. Marks upon his own application made in July, 1900, to the district court of Custer County in the State of Montana, was appointed guardian of the estates and person of Clara E. Marks, the defendant in error, who has since married and is now Clara E. Parker, Jennie M. Marks and James R. Marks, minors, who were then residents of and had property situate in that county; that on July 7, 1900, he qualified in pursuance of the order by taking the required oath and giving the bond which was duly approved in the amount of $4800, fixed and required by the order and conditioned that he would faithfully execute his trust according to law, and on the same day letters of guardianship were issued to him and he entered upon his duties as such guardian. Thereafter the said Marks was by the court required to give a new guardian's bond in the same amount which was accordingly done and the bond here in suit with plaintiff in error as surety was executed on April 17, 1902, approved and accepted in said court on June 28, 1902, and the sureties on

the previous bond were upon order of the court discharged from further liability. That the law of the State of Montana with reference to guardianship bonds and the appointment of guardians is now, and has been at all times herein mentioned as follows, to-wit:

§7760. "Before the order appointing any person guardian under this Chapter takes effect, and before letters issue, the court or judge must require of such person a bond to the minor with sufficient sureties, to be approved by the judge, and in such sum as he shall order, conditioned that the guardian will faithfully execute the duties of his trust according to law, and the following conditions shall form a part of such bond without being expressed therein.

1. To make an inventory of all the estate, real and personal, of his ward, that comes to his possession or knowledge, and to return the same within such time as the court or judge may order.

2. To dispose of and manage the estate according to law and for the best interest of the ward, and faithfully to discharge his trust in relation thereto, and also in relation to the care, custody and education of the ward.

3. To render an account on oath of the property, estate and moneys of the ward in his hands and all the proceeds or interest derived therefrom, and of the management and disposition of the same, within three months after his appointment, and at such other times as the court or judge directs, and at the expiration of his trust to settle his accounts with the court or judge, or with the ward if he be of full age, or his legal representatives, and to pay over and deliver all the estate, moneys and effects remaining in his hands, or due from him on such settlement to the person who is lawfully entitled thereto. Upon filing the bond, duly approved, letters of guardianship must issue to the person appointed. In form the letters of guardianship must be substantially the same as letters of administration, and the oath of the guardian must be indorsed thereon that he will perform the duties of his office as such guardian according to law."

§7810. "The court or judge may require a new bond to be given by a guardian whenever such court or judge deems it necessary, and may discharge the existing sureties from further liability, after due notice given as such court or judge may direct, when it shall appear that no injury can result therefrom to those interested in the estate."

§7811. "Every bond given by a guardian must be filed and preserved in the office of the clerk of the District Court, and in case of a breach of condition thereof, may be prosecuted for the use and benefit of the ward, or of any person interested in the estate."

That the condition of an official bond under the laws of Montana is and has been at all times herein mentioned applicable to guardians' bonds, to-wit:

§384. "The condition of an official bond must be that the principal will well, truly and faithfully perform all official duties then required of him by law, and also all such additional duties as may be imposed on him by any law of the state, and that he will account for and pay over and deliver to the person or officer entitled to receive the same, all moneys or other property that may come into his hands as such officer." It is further provided: §393. "Whenever an official bond does not contain the substantial matter or conditions required by law or there are any defects in the approval or filing thereof, it is not void so as to discharge such officer and sureties; but they are equitably bound to the state or party interested and the state or such party may, by action in any court of competent jurisdiction, suggest the defect in the bond, approval, or filing, and recover the proper and equitable demand or damages from such officer and the persons who intended to become and were included as sureties in such bond."

That on August 7, 1907, the said George A. Marks as such guardian entered into possession and assumed control of the estates of said minors which consisted of cattle and horses, title to an undivided one-third interest being in plaintiff as ward and that the value of her interest was $800;

that said property increased by the natural increase so that the value of her .interest in August, 1903, became and was $2812.37; that after June 28, 1902, and prior to August 1, 1906, the said· guardian sold all the property belonging to said Clara Marks (now Parker) and converted the proceeds to his own use and failed to account for, or deliver, or pay over to her, or to any one entitled to receive the same any of said property or any of the proceeds derived from its sale except the sum of $430.87, nor has she ever received any part of said property or its proceeds except said sum, and that when she became twenty-one years of age in June, 1906, the said guardian did not settle his guardianship accounts with the court which appointed him, or its judge, or with her. That the said guardian died on August 1, 1906, leaving an estate in Rosebud County, Montana, of which he was a resident at the time of his death, and that such proceedings were had in the district court of that county that his widow, Edith M. Marks, was duly appointed and qualified as administratrix of his estate. That defendant in error became twenty-one years of age in June, 1906, and during that month married one James Parker. That on or about September 26, 1906, having attained her majority the preceding June, she presented her claim duly and properly verified for the sum of $2812.37, being the amount claimed by her as her share of the estate alleged to have been converted by her guardian during his lifetime, to the ·administratrix of his estate and the latter rejected the claim. Thereafter, and on February 23, 1907, she instituted suit on said claim in the district court of that county. Upon issue joined the case was tried and the court found generally upon the issue in favor of the· defendant in error and against said administratrix, "That there is due and owing from the estate of George A. Marks, deceased, the sum of $900, after allowing the said defendant all off-sets and counter claims which the said estate or the said George A. Marks, during his life time had against the said plaintiff" and judgment was rendered on July 2, 1908, in her favor for that amount, to-

gether with interest from February 23, 1907. That said judgment is in full force and effect and that no part thereof has ever been paid and that the estate of the deceased guardian is insolvent and has not the assets to pay the same or any portion thereof; that plaintiff in error as surety on the guardianship bond of the said George A. Marks has paid no part of said judgment although payment of the same was demanded on July 14, 1908. It is alleged that the district court of Custer County and also of Rosebud County is and was each a court of competent and general jurisdiction. The plaintiff prayed judgment for the sum of $1600, and interest thereon from August 1, 1903.

It is here urged that in order to maintain the action it is necessary to allege and prove as a condition precedent that the court wherein the guardian was appointed,—that is to say the district court of Custer County, Montana—had settled the guardian's accounts and a balance in favor of the ward found and adjudged due such ward from the guardian. As will be observed the guardian died in and leaving an estate in Rosebud County, Montana, and in which county letters of administration were applied for and the district court of that county duly appointed the guardian's widow as administratrix and that she so qualified and entered upon her duties as such. The jurisdiction in probate of the district court of Rosebud County of the estate of the deceased guardian is alleged. Such jurisdiction includes the adjustment of accounts in favor of and against such estate. The disallowance of defendant in error's claim by the administratrix was a condition precedent and gave to the former the right to commence suit thereon in that court to establish the same as a charge against the estate. The suit in the district court of that county was instituted and tried upon the issues made by the pleadings and upon these issues an accounting between the administratrix and the defendant in error arising out of the guardianship matter was necessarily involved and had. The guardian was dead and his personal representative was not required to go into the courts of Custer

County for an accounting for she was acting as a trustee, appointed by and under the supervision of the district court of Rosebud County in the matter of the administration of her trust. That court upon the allegations of the petition being vested with and having taken jurisdiction in the case to try and determine the issues therein, which did not involve title to real estate and having made and rendered its findings and judgment settling the account which it is alleged remains unsatisfied and in full force and effect would require the courts of this state to give such judgment full faith and credit under the provisions of Sec. 1, Art. IV of the Constitution of the United States, and the Act of Congress, May 26, 1790, Sec. 905 (U. S. Comp. Stat. (1901) p. 1901) and in the absence of an allegation of fraud or mistake which is not here relied upon, (23 Cyc. 1554, 1590, Chadron Bank v. Anderson, 6 Wyo. 518, 48 Pac. 197) to hold upon the allegations of the petition upon demurrer that plaintiff in error is concluded upon the merits as to all matters involved in that action. 18 Cyc. 1272, 21 Cyc. 238, 239; 23 Cyc. 1591; Brodrib v. Brodrib, 56 Cal. 563; Sanborn v. Perry, 86 Wis. 361, 56 N. W. 337; Osborn et al v. Lidy, 51 O. St. 90; Hicks v. Oliver, 78 Tex. 233, 14 S. W. 575; Lynch v. Rotan, 39 Ill. 14; Fidelity & Deposit Co. of Maryland v. M. Rich & Bros., 122 Ga. 506, 50 S. E. 338; Ryan v. People, 165 Ill. 143, 46 N. E. 206; Pan v. State, 71 Md. 220, 17 Atl. 1020; Rice v. Wilson, 129 Mich. 520, 89 N. W. 336; Cross v. White, 80 Minn. 413, 83 N. W. 393, 81 Am. St. Rep. 267; State v. Booth, 9 Mo. App. 583; Botkin v. Klunschmidt, 21 Mont. 1, 52 Pac. 563, 69 Am. St. Rep. 641; Eberle v. Bryant, 31 Miss. 814; Eberle v. Schilling, 65 N. Y. S. 728, 32 Misc. Rep. 193; Neil v. Com. (Penn.) 7 Atl. 74; Hornung v. Schramm, 22 Tex. Civ. App. 327, 54 S. W. 615; Fahey v. Bonlmay, 24 Tex. Civ. App. 279, 57 S. W. 300.

2. The plaintiff in error challenges the jurisdiction of the district court of Sheridan County to entertain this action. That court is vested with original jurisdiction in all causes at

law and in equity and in all cases in which original juris-
diction shall not have been by law vested exclusively in some
other court.   Sec. 10, Art. V of the Constitution.   This
provision of the Constitution has reference to the courts of
this state and has no extra-territorial effect.   The defendant
was bound in so far as jurisdiction is concerned by the set-
tlement of the guardianship account between plaintiff and
the administratrix of the deceased guardian's estate, by the
judgment of the district court of Rosebud County, Montana.
That proceeding established and fixed the amount of the
devastavit of the trust estate and gave a right of action
against the surety on the bond for that amount.  In re Craw-
ford, 21 Ohio Cir. Ct. 554, 11 Ohio Cir. Dec. 605;  Fitz-
simmons v. Johnson, 90 Tenn. 416, 17 S. W. 100;  23 Cyc.
1592.   It does not appear from the pleadings that the bond
was conditioned or required its enforcement in the court
wherein it was given and approved, nor is any law of Mon-
tana here alleged that it could only be enforced in that
court or within that jurisdiction.   The action accrued upon
the judgment and as against the surety could upon such
judgment as a basis· be maintained within or without that
state in any court of competent jurisdiction for the amount
of such devastavit or conversion.   Pickering v. De Roche-
mont, 45 N. H. 67, 78;  23 Cyc. 1592;  Lewis v. Adams, 70
Cal. 403, 11 Pac. 833, 59 Am. Rep. 423;  Turley v. Dryfers,
33 La. Ann. 885; Tait v. Lewis, 7 Rob. 206; Moore v. Smith,
116 N. E. 667, 21 S. E. 506;  Brown v. Winthanley, 18
Ohio 67;  Nelson v. Chesapeake &c. R. Co., 88 Va. 971, 14
S. E. 838, 15 L. R. A. 583.   The defendant in error was a
resident of this state in which plaintiff in error was doing
business at the time of the commencement of the action and
the court having acquired jurisdiction of the person of the
defendant and as already stated the action involved no title
to land and being transitory we can see no reason why the
courts of this state if the necessary parties are before it and
it has jurisdiction of the subject matter, should be barred
from granting relief to one of its citizens instead of com-

pelling her to resort to the court of a sister state to enforce her claim.

3.   It is urged that the bond by its terms does not comply with the laws of the state of Montana where it was given in that it runs to the wards jointly.   It is contended that the liability should have been several or that a separate bond should have been given to each of the wards.   If it should be conceded that the statute under which the bond was given so provides there is no statute of that state here pleaded or shown declaring such a bond void but on the contrary the provisions of the statute alleged to be and which were applicable to guardians' bonds at the time the one in controversy was given and approved expressly declared it not to be void but enforceable, viz : §§7811, 393, Rev. Stat. Mont., 1907, supra.   Our attention has not been called to any decision of the Supreme Court of that state construing this statute.   But waiving the wording of the statute the bond was conditioned "that if the guardian shall faithfully execute the duties of said trust according to law, and shall well, truly and faithfully perform all official duties now required by law, and also such additional duties as may be imposed by any law of the state, and that said principal will account for and pay over and deliver to the person or officer entitled to receive the same, all moneys or other property that may come into the hands of such guardian then this obligation to be void, otherwise to remain in full force and effect."   The surety on the bond is presumed to have known the law and the duties of the guardian with relation to the trust, especially when the provisions of Sec. 7760, supra, are by law a part of the bond.   The conversion of the property constituted a breach of the bond which was given for the faithful performance of the duties of and by the guardian as required by law and the law required the guardian to turn over and account to each ward upon his or her becoming of legal age the property to which such ward was entitled. The intention of the guardian and his surety was to secure the wards in their individual rights and the bond must be

construed so as to accomplish that purpose.  In such case it was neither void nor voidable but will be upheld and enforced in accordance with the intention and purpose for which it was given.  Even if it were in its terms so far a departure from the statute as to render it defective as a statutory bond it would be upheld as a common law bond independent of the statutory provision.  3rd Black. Com. at page 340; Giles v. Holsted, 61 Am. Dec. 668 (N. J.); 4 A. & E. Ency. of Law, (2nd Ed.) p. 663; Estate of Ramsay v. People, 90 Am. St. Rep. 177, (Ill.); Murfree Official Bonds, Sec. 134; Longfellow v. McGregor, (Minn.) 57 N. W. 926; Deegan v. Deegan, 22 Nev. 185, 58 Am. St. Rep. 742; 21 Cyc. 223.  The bond was executed upon a consideration by a company organized to make such bonds for profit and the company does not stand in the position of a surety for accommodation.  32 Cyc. 306.

4.  It is here urged that each of the wards or joint obligees is a necessary party to an action on the bond.  The objection on the ground of defect of parties plaintiff is not raised by either demurrer or answer as required by the provision of our Code and is therefore waived.  (Comp. Stat., secs. 4381, 4383.)  It may be said however that the intention of the obligor and the surety to secure each of the wards in his or her individual rights and to turn over to each the property to which he or she was entitled upon attaining majority contemplated if necessary a several action on the bond by each of the obligees.  §7760, R. S. Mont.  Such being clearly the intention the bond will be construed so as to preserve the rights of the obligees severally.  The bond was not void.  The right to maintain the action severally as a matter of procedure in this state is clearly authorized by §4331, Comp. Stat. Wyo., 1910, which is as follows: "The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in or

dismiss the action without prejudice." The words of the section that "a complete determination of the controversy cannot be had without the presence of other parties" means that there are persons who are not parties and whose rights must be settled before those of the parties to the suit can be determined. Under the above section if the court could do justice as between the parties to this action without prejudicing the rights of others or by saving such rights it may proceed to do so. It is not shown how or in what manner upon the facts here alleged the plaintiff in error or the other wards could be prejudiced. The amount due her from the guardian's estate had been fixed and determined by the district court of Rosebud County, Montana, in its judgment on the accounting. We see no reason upon an allegation of the conversion of the entire trust property why she should not be permitted to maintain her action on the bond for her claim was several. The aggregate liability to the wards whether recovered jointly or severally could not exceed the penalty of $4800 fixed in the bond and interest from the demand. Trempler v. Cotton, 109 Cal. 250, 41 Pac. 1033. We are of the opinion that the petition states a cause of action and that the court of Sheridan County had jurisdiction.

5. The second defense set up in the amended answer pleaded that the defendant in error, Clara E. Parker, formerly Marks, attained her majority and became an adult in June, 1903, under sections 10 and 12 of the Civil Code of the State of Montana (now sections 3584 and 3586 of the Rev. Stat. of that state, and which are set out in full in the answer) having then reached the age of eighteen years, and that the guardianship ended as to her at that time. The former section defines minors as (1) Males under 21 years of age and (2) Females under 18 years of age, and the latter section declares all other persons as adults. The following statute of limitations is alleged to have been then and ever since in force in that state, to-wit: "No action can be maintained against the sureties on any bond given by a

guardian unless it be commenced within three years from the discharge or removal of the guardian; but if at the time of such discharge the person entitled to bring such action is under any legal disability to sue, the action may be commenced at any time within three years after such disability is removed." Secs. 3055 and 3056, Code of Civil Procedure, (Secs. 7812 and 7813, R. S. Mont. 1907.) It is further alleged "that the cause of action contained in the amended petition is barred by the law hereinbefore quoted." Upon objection the court refused to permit any evidence in support of this defense. The ruling was correct. The allegation was a legal conclusion and not of an issuable fact. To avail himself of the defense the pleader should have pleaded facts which would bring his case within the provision of the statute. (13 Ency. Pl. & Pr. 214.) It is not alleged nor does it appear when the action was commenced. The answer to the amended petition mentions in no way when the action was commenced, nor are any facts pleaded from which it can be gathered. The pleading was insufficient under all the authorities. Pinkham v. Pinkham, 85 N. W. 285; Scroggin v. Natural Lumber Co., 41 Neb. 195; Spanish Fork v. Hopper, 26 Pac. 294; Tunnel Co. v. Stranahan, 31 Cal. 394; Caulfield v. Sanders, 17 Cal. 571; Schrieber v. Goldsmith, 79 N. Y. Supp. 848; Satterlund v. Beal, 12 N. Dak. 122, 95 N. W. 518; Pom. Code Rem. (3rd Ed.) 713; Eno v. Diefendorf, 102 N. Y. 720, 7 N. E. 798; Lincoln v. Thompson, 75 Mo. 613; 25 Cyc. 1406. The pleading can not be aided nor the proper allegation which has been omitted be supplied by going to the summons to ascertain when the action was commenced. Savings Ass'n. v. Clause, 13 Wyo. 166. In the case before us the original petition was superseded by the amended petition, and is not brought into the record. Love v. Choclow, 91 Pac. 883 (Okl.); Zengal v. Kuster, 51 Wis. 31, 7 N. W. 781; Smith v. City of Janesville, 52 Wis. 680, 9 N. W. 789; Taylor v. Union Pacific Ry. Co., 123 Fed. 155; 25 Cyc. 1409. The answer speaks only from its date. The statute of limita-

tions is new matter constituting an affirmative defense and the facts must be pleaded as such and not as mere conclusions of law or inferences of fact. Upon this state of the answer and at the trial the defendant offered in evidence Secs. 7812 and 7813, Code of Montana, and the court sustained objection thereto whereupon the plaintiff in error asked permission to amend his second defense and in connection therewith renewed its offer to prove the aforesaid sections of the statute of Montana. The court refused permission to amend so as to show that the cause of action set forth in the amended petition did not accrue within three years prior to the commencement of the action.

Exceptions were taken to all these rulings and they may be considered together. The case was tried at the regular June A. D. 1909 term of the District Court of Sheridan County on September 20 and 21 of that year, and on the last mentioned day the judgment here involved was rendered. Assuming that the motion for a new trial was filed within the time allowed by statute (Sec. 4603, Comp. Stat. 1910) it was not ruled upon until the following December 1909 term of that court when it was overruled and on application of the plaintiff in error it was given to and including March 15, 1910, within which to reduce its exceptions to writing and present its bill of exceptions for allowance. The bill was presented, allowed and signed on March 15, 1910, and ordered to be made a part of the record of the then regular December A. D. 1909 term. By section 4594, Comp. Stat. 1910, "An exception is an objection taken to a decision of the court upon a matter of law." Sec. 4595 is as follows: "A party objecting to the decision must except at the time the decision is made; and time may be given to reduce the exception to writing, but not beyond the first day of the next succeeding term." It is here conceded that the exceptions were properly taken at the time but it is contended that they nor either of them have been preserved in the record so as to entitle them to consideration here.

The question thus raised is whether a motion for new trial filed at the term when the trial was had and judgment

rendered and not ruled upon until the succeeding term carries with it all exceptions taken during the trial so that time given for reducing exceptions to writing at the time the motion is ruled upon includes or may properly include the exceptions taken at the trial during the preceding term. Counsel for defendant in error cite cases from Ohio, Nebraska and Kansas upon a statute like ours sustaining their contention. But we think it unnecessary to decide this question. As already stated the trial court correctly sustained the objection to the introduction of evidence in support of the second defense. The application to amend occurred during the trial and it was proposed thereby to insert an allegation of fact not embraced within the answer at the time. Our statute provides that "The party applying to amend during the trial shall be required to show that the amendatory facts were unknown to him prior to the application, unless in its discretion the court shall relieve him from so doing." Comp. Stat. 1910, Sec. 4437. No such showing as thus required was made in connection with the application to amend, nor does it appear that the court relieved the party from making such showing. The defendant was therefore not entitled as of right to amend its answer as proposed upon the trial. Halleck v. Bresnahen, 3 Wyo. 73.

6. It is also urged that the sureties on the bond which was given by the deceased guardian prior to the one in suit should have been made parties to this suit. Upon the allegations and proof the devastavit occurred subsequent to the giving and approval of the bond in suit; and the order allowing and approving the bond here sued on declared that it was so allowed and filed in lieu of the former bond and that the sureties on such bond were discharged and exonerated from further liability. It was not necessary therefore to make them parties. Further than that the objection was waived by failing to raise it by demurrer or answer.

The judgment will be affirmed.

*Affirmed.*

Beard, C. J., and Potter, J., concur.

POTTER, Justice. (Concurring.) The questions involved are important, and the one relating to the jurisdiction of a district court of this state to entertain the action at all does not seem to have been decided in any case presenting the same facts, but there are several reported cases which by analogy are in point, and suggest the principle upon which the jurisdiction may and ought to be sustained. I desire, therefore, to record as briefly as possible some of the reasons for my concurrence, though I do not understand that my views differ in any material respects from those of either of my associates, but believe that we are of one mind as to the controlling reasons for the conclusions announced. What I shall say is intended to apply also to the case of the same plaintiff in error against Ira W. Nash, as guardian of Jennie Mabel Simpson, so far as the matters discussed are involved in that case, and will to that extent explain my concurrence in the opinion and conclusion therein.

The objection to the jurisdiction of the court to entertain the action presents, I think, the principal question in the case. Upon an examination of the authorities, intended to be exhaustive, and a consideration of the principles relating to the subject as applicable to the facts of the case, we are all convinced that the objection to jurisdiction cannot be sustained upon any reasonable ground. First, as to the necessity for a previous accounting, and the general rule requiring an accounting and settlement of the guardian's accounts in the court where he was appointed as a condition precedent to an action upon his bond. The theory upon which that rule is based is said to be that it is the policy of the law to hold the remedy on the official bond in a court of law, subject to the action of the tribunal established to adjust the accounts of the party who by his default is alleged to have forfeited his bond. (21 Cyc. 242.) And it follows the rule early applied to suits upon the bonds of executors and administrators. The rule was held not to be applicable to a guardian's bond in Call v. Ruffin, 1 Call. Va. 333; but by the weight of authority it seems to be now held to apply

to a suit upon such bond. It is at once apparent that there must be exceptions to the rule when we consider the reason for its adoption. Rules of law regulating civil actions are not promulgated to defeat justice, or to render its administration difficult or inconvenient, but to reasonably aid in protecting and enforcing rights; and it is a familiar principle that courts will not require the doing of a useless thing before proceeding to enforce a right, and certainly an impossible thing will not be required. It is not shown that under the laws of Montana the administratrix of the deceased guardian's estate would have been permitted as of right or otherwise to render an account in the guardianship proceedings, or that she could have been cited to render such an account, and there is nothing in our statutes justifying the presumption of the existence of such a law. On the contrary it appears that an ordinary action was allowed to be maintained in that state by the ward who had attained her majority against the administratrix to recover a judgment against the estate for the amount of the guardian's indebtedness to her at the time of his death. It is held in California that an executor of a deceased guardian has no authority under the laws of that state to present the guardian's account to a court of probate. (Miller v. Ash, 105 Pac. 600.) And counsel for plaintiff in error state in their brief that the probate code of Montana is largely taken from California. It is also held in the case cited that it is not necessary that there should have been an action for accounting against the executor as a condition precedent to maintaining a suit to establish a claim by the ward against the guardian's estate. The guardian is dead and his estate is insolvent. If not impossible, it would be at least a useless proceeding to go through the form of attempting an accounting and settlement of the affairs between the guardian and ward in the original guardianship proceedings in the absence of a report of the transactions of the guardian or authority to exact from anyone the filing of such a report, especially where under the circumstances the whole matter can as well

be determined, and with as much protection to all parties, in a suit for accounting or upon the bond. The authorities cited by Judge Scott on this question as well as many others are clear and announce we think a reasonable proposition, as a proper exception to the general rule upon the facts. It was well said in Mitchell v. Kelly, (Kan.) 107 Pac. 782, in considering an action like the one at bar, and the objection that a settlement of the guardian's accounts in the probate court is a condition precedent to recovery against the surety: "The guardian used up the money of his infant wards, is dead, and left no estate from which they may be reimbursed. His sureties must pay, and the enforcement of their liability ought not to be fettered by rules based upon any considerations except those of substance."

Second, as to the right to maintain the action in this state. It does not appear that the laws of Montana provide a special remedy on the bond or a special proceeding for enforcing the liability thereon, which would exclude the general jurisdiction of a court of law or equity. The district court in which the suit was brought has full and complete law and equity powers; and in this state the distinctions between actions at law and suits in equity, and the forms of all such actions and suits formerly existing are abolished, and but one form of action is substituted called a "civil action." The district court, therefore, has jurisdiction of the subject matter, unless jurisdiction of an action of this kind upon the facts exists only in the courts of the state wherein the guardian was appointed. The wards removed to this state, the plaintiff here is of age, and a guardian was appointed in the state by the proper court for the minor ward represented in the other case. Had the guardian also lived and removed to this state with the property of the wards or its proceeds, or before or after coming here had sold the property and converted the proceeds to his own use, it is well settled by the authorities that he could have been sued and compelled to account in the courts of this state. (21 Cyc. 272; McNamara v. Dwyer, 7 Paige Ch.

239, 32 Am. Dec. 627; Moore v. Hood, 9 Rich. Eq. 311, 70 · Am. Dec. 210; Pickering v. De Rochemont, 45 N. H. 67; Leverich v. Adams, 15 La. Ann. 310.) And in the case of Moore v. Hood, supra, the action was held maintainable against the guardian and his sureties. The same rule applies under like circumstances in the case of an executor or administrator, notwithstanding a contrary statement in section 514b of Story's Conflict of Laws. Such a suit against an executor and administrator is held maintainable upon the theory that it is not an action against one in his official capacity, but against one who has withdrawn himself from the court having power over him, and is unlawfully in possession of property which is to be protected or adjudged to its lawful owner. (1 Woerner's Amer. Law of Adm'n., sec. 164; 8 Ency. Pl. & Pr. 715; McNamara v. Dwyer, supra; Falke v. Terry, 32 Colo. 85, 75 Pac. 425; Turnstall v. Pollard's Adm'r., 11 Leigh, 1; Cureton v. Mills, 13 S. C. 409, 36 Am. Rep. 700; Patton v. Overton, 27 Humph. Tenn. 192; Greenhood v. Greenhood, 143 Ala. 440; Colbert v. Daniel, 32 Ala. 314; Keiningham v. Keiningham's Ex'r., (Ky.) 71 S. W. 497; Cutrer v. State of Tennessee, (Miss.) 54 So. 434.)

McNamara v. Dwyer, supra, is recognized as the leading case on this subject. In that case it was alleged that Dwyer had been appointed administrator of an estate in Ireland, that he had converted a large amount of the personal estate into money, brought it into the State of New York, and misapplied it in private speculation. The suit was by an heir for an accounting and distribution of the estate. In the opinion by Chancellor Walworth sustaining the right to maintain the suit in New York, it was said: "Certainly, if a guardian appointed in one of our sister states should come into this state with the property of his ward, or after he had squandered the same, or appropriated it to his own use, in the state where he received his appointment, there could be no reasonable doubt as to the jurisdiction of the court; to compel him to account for and pay over to his ward what

was justly due according to the laws of the state in which he assumed the trust. And I confess I see no reasons for giving such a remedy here, in the case supposed, which would not be equally applicable to the case of an executor or administrator coming into this state and bringing with him the property which had been confided to him as trustee for the creditors or next of kin of the decedent."

Moore v. Hood, supra, was a case brought against a guardian and his surety by the wards for an accounting under the following circumstances: Hood was appointed guardian by a court in North Carolina, and there applied for and obtained an order of sale of the property of the wards, and sold the same. The jurisdiction of the court in South Carolina to entertain the action was challenged. The court by Wardlow, Chancellor, said: "The objection to the jurisdiction of the court, presented by the third ground of appeal, lacks even plausibility. The suit is for account by wards against their guardian and his surety, who had also been executors of the estate from which the property of the plaintiffs now in controversy was derived; and account is one of the most general heads of jurisdiction in this court, and most commonly exercised, as in the present instance, in suits by beneficiaries against trustees. It is immaterial that the trustee here was invested with his powers and duties by a foreign tribunal; for surely his fiduciary relation is not terminated by removal of himself and the trust funds beyond the limits of the state in which he was appointed. It would disgrace the courts of any civilized country to afford immunity to a trustee who fled to their jurisdiction that he might embezzle the funds committed to his trust. This suit is not on the bond of defendant as the gist, such as an action of debt, which can be prosecuted only in the court of common pleas. It is a bill for account, in which the bond is used merely as collateral evidence of the defendant's liability."

The case of Leverich v. Adams, supra, involved the following facts: The plaintiff sued as curator or guardian of a

minor.  Adams, who had married the mother of the minor, had been appointed the minor's guardian by a court in Mississippi, where he resided at the time.  Thereafter he removed with his wife to Louisiana, thereby changing the domicil of the minor.  He obtained possession of certain effects of his ward and it was sought to charge him for a misapplication thereof.  Upon the contention that the action should be prosecuted, if at all, against him and his surety in the state where he was appointed, the court say: "It is a matter of no moment in this case, whether the authority granted by the Mississippi courts terminated on the removal to this state or not; for, if he continued to be tutor, he was bound to account under our law, and the minor became entitled to his tacit mortgage for the security of the trust.  If the office terminated, he became a *negotiorum gestor,* and the minor was also entitled to call him to account.  *  *  *  *  It cannot for a moment be admitted that a party who has a personal demand against another shall be sent to a foreign state or jurisdiction for redress."

In Cutrer v. Tennessee, supra, the suit was brought in Mississippi to enforce a liability upon an administrator's bond given in Tennessee, for an alleged conversion of funds by the administrator.  The court say: "It appears from the bill in this case, which bill stands confessed by the demurrer, that the administrator is insolvent, that he resides in this state and brought the funds into this state and converted it to his own use, that two solvent sureties on the bond live in this state, and the third surety lives in Tennessee.  Whether this third surety is solvent or insolvent does not appear.  The complainant also resides in this state.  Under these circumstances we have no hesitancy in declaring that the courts of this state are vested with full jurisdiction to entertain the suit to recover this fund, and there is a multitude of authority to this effect.  To hold otherwise, as is said in many of the cases that we shall herein cite, would often result in a total failure of justice, a result always to be shunned by the courts."

A suit was brought in New Hampshire for money had and received. The facts as well as the conclusion are sufficiently stated in parts of the opinion which will be quoted, and will show the application of the case to the point now being considered. "Again, it is objected that, as the auditor's report shows that the money was received by defendant in trust and as guardian for said Sophia, no action at law can be maintained until some settlement of accounts as trustee, or guardian, is shown, and that the remedy must be either in the court of probate, or in equity. Any proceedings in a court of probate are out of the question here. If defendant was ever appointed guardian of this plaintiff, Sophia, it was in a foreign country, from which both the guardian and ward have removed permanently. Our probate court has no jurisdiction of the matter. There can be no doubt that the most appropriate proceeding would have been a bill in equity, praying for a discovery, and also for an account in all matters where defendant had received property in trust, in any way, for the plaintiff, Sophia, before marriage whether as guardian, as bailiff, or as receiver, and for all services rendered, and praying for a decree for the payment to the plaintiff of all sums thus found due. * * * The question here is not what would have been the best course for these plaintiffs to have pursued, but can this suit for money had and received be maintained at all? * * * In its leading features this trust is very nearly like the one in Case v. Roberts, supra, where it was held that an action for money had and received would lie to recover the balance of the money which the plaintiff had entrusted to the defendant for a particular purpose, after that particular object had been accomplished and the trust ended. In this case, as in many others, the action for money had and received is in the nature of a bill in equity. * * * When the declaration in this case is amended so as to correspond with the specification and proof, which amendment may be allowed on terms, the plaintiffs may maintain their action for money had and received, to recover whatever money re-

mains in defendant's hands, which upon a fair settlement, belongs to plaintiffs. (Pickering v. De Rochemont, 45 N. H. 67.)

It being the well settled rule, then, that if the guardian had lived and removed to this state he could have been called to account in the courts of this state for the property of the ward converted by him to his own use, there appears to be no substantial reason for holding that a different rule must prevail when he is dead as to a suit brought against the surety on his bond who resides here or is amenable to the process of our courts. And in Cutrer v. Tennessee, supra, it was held that the same reasons which warrant the suit against the administrator apply to suits against the sureties on his bond.

In the case of Carpenter v. Soloman, (Tex.) 14 S. W. 1074, it was held that upon the termination of the guardianship of a female ward by her marriage, she could sue upon the guardian's bond in the county of his residence, though he was appointed guardian by the court in another county, and had not been formally discharged by that court. The court say: "Apellant Cora, upon her marriage, was no longer a ward of the appellant Soloman, and could sue him in any court having jurisdiction of the amount for the recovery of money belonging to her, which he had obtained by virtue of said guardianship, without regard to whether or not he had been formally discharged by the court having jurisdiction of said guardianship." That case is in point here to the extent that it sustains the right to maintain the action upon the guardian's bond in any court having jurisdiction of an action of that character and of the amount involved; and that it was not necessary to sue in the county where the guardian was appointed. I conclude then upon this question that if the guardian had been alive and resided in this state he and his sureties might have been sued, upon the facts alleged and shown in this case, in this state, in the District Court within the county wherein jurisdiction of the person could have been properly obtained; and that the guardian

being dead, the suit may, under the circumstances, be maintained in this state against the surety.

With reference to the judgment obtained by Mrs. Parker in Rosebud County, Montana, I have this to say. As already stated a showing of a previous accounting in the court which appointed the guardian or in any other court of the same state was not necessary as preliminary to the right to maintain this action. But the fact that said judgment had been secured against the administratrix of the estate of the deceased guardian was alleged in the petition, and so far as the surety would have been benefited by a previous accounting, it would seem that no more could be insisted upon than was done by establishing the claim against the guardian's estate through the judgment of a competent court. (21 Cyc. 242.) The trial court appears to have held the plaintiff bound by that judgment, by limiting her recovery to the amount thereof with interest. I agree that the surety was also bound thereby, to the same extent that it would have been bound by the final result ascertained and declared upon an accounting in the guardianship proceeding, or in a suit against the guardian for the same purpose. But the plaintiff produced other evidence in support of her claim which would have sustained a finding in an amount at least equal to the amount of the judgment.